## DuPONT *v.* COMMISSIONER OF INTERNAL REVENUE.

No. 791. Argued May 10, 1933.—Decided May 29, 1933.

*Mr. J. S. Y. Ivins,* with whom *Messrs. Kingman Brewster, Percy W. Phillips,* and *Richard B. Barker* were on the brief, for petitioner.

686

*Mr. Erwin N. Griswold,* with whom *Solicitor General Thacher, Miss Helen R. Carloss,* and *Mr. Sewall Key* were on the brief, for respondent.

MR. JUSTICE CARDOZO delivered the opinion of the Court.

This case, like *Burnet* v. *Wells,* decided today, *ante,* p. 670, requires us to determine whether § 219 (h) of the Revenue Acts of 1924 and 1926 is consistent with the Fifth Amendment in its application to trusts for the payment of premiums on policies of insurance.

On September 18, 1923, the petitioner, Du Pont, created nine trusts for the benefit of his wife and children, transferring to the trustee thereby two policies of insurance on his life, and shares of stock in a corporation, the income to be used to keep the policies in force. The trusts were to last for three years, during which term they were to be irrevocable. At the end of the term, they might be extended for a like period at the option of the settlor, and successively thereafter. Two such notices were given, with the result that in 1924, 1925, and 1926, the taxable years involved in this proceeding, the trusts were still in being.

The deeds make provision for the disposition of the policies and separate provision for the disposition of the shares.

As to the policies, the provision is that if the trusts shall be terminated before the petitioner's death, all interest in the policies shall vest in certain named beneficiaries. The petitioner is not one of these, nor has he any power to change them. If the petitioner shall die while the trusts are still in force, the trustee is to collect the insurance, and to hold the proceeds in trust for the use of the beneficiaries named in the agreements.

As to the shares of stock, the provision is that if the trusts shall be terminated before the petitioner's death, the shares and any income not paid out shall be transferred to the petitioner. If, however, he shall die while the trusts are still in force, the shares are to be divided among the children or their issue.

The Commissioner of Internal Revenue, following the command of § 219 (h) of the applicable statutes (Revenue Acts of 1924 and 1926; c. 234, 43 Stat. 253; 26 U.S. Code, § 960; c. 27, 44 Stat. 9; 26 U.S. Code App., § 960) made a deficiency assessment by adding to the taxpayer's income the amount expended by the trustee in the preservation of the policies. The Board of Tax Appeals sustained the assessment, 20 B.T.A. 482, and the Court of Appeals for the Third Circuit affirmed. 63 F. (2d) 44. A writ of certiorari was granted by this court.

The case is ruled by our judgment in *Burnet* v. *Wells*, *ante*, p. 670, upholding the validity of the contested statute. If the income of such a trust may be taxed to the grantor though he has retained to himself no reversionary interest in the principal of the trust, *a fortiori* that result must follow where he has made a grant of the estate for a short term of years, reserving the reversion when the term is at an end.

The provisions of these deeds would require a determination in favor of the Government, though *Burnet* v. *Wells* had been decided the other way. "A statute may be invalid as applied to one state of facts and yet valid as applied to another." *Dahnke-Walker Co.* v. *Bondurant*, 257 U.S. 282, 289. Here the grantor did not divest himself of title in any permanent or definitive way, did not strip himself of every interest in the subject matter of the trust estate. During a term of three years, the trustee was to apply the income to the preservation of the policies, and while thus applying the income was to hold the prin-

cipal intact for return to the grantor unless instructed to retain it longer. The situation in its legal effect would not be greatly different if the trusts had been created for a month or from day to day. One who retains for himself so many of the attributes of ownership is not the victim of despotic power when for the purpose of taxation he is treated as owner altogether.

The judgment is                                        *Affirmed.*

MR. JUSTICE VAN DEVANTER, MR. JUSTICE MCREYNOLDS, MR. JUSTICE SUTHERLAND and MR. JUSTICE BUTLER concur upon the reasons stated in the last paragraph.