## PILLSBURY v. BURNET, Commissioner of Internal Revenue.

### No. 5407.

Court of Appeals of the District of Columbia.
Argued April 3, 1933.
Decided June 12, 1933.

Rehearing Denied Oct. 10, 1933.

James S. Y. Ivins and Richard B. Barker, both of Washington, D. C., for appellant.

G. A. Youngquist, M. K. Rothschild, C. M. Charest, DeWitt M. Evans, and Sewall Key, all of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, and ROBB, VAN ORSDEL, HITZ, and GRONER, Associate Justices.

MARTIN, Chief Justice.

This appeal involves income taxes for the years 1924 and 1925 respectively.

The case arises under section 219 (h) of the Revenue Acts of 1924 and 1926 (26 USCA § 960 note), the pertinent part of which reads as follows: "Where any part of the income of a trust is or may be applied to the payment of premiums upon policies on insurance on the life of the grantor * * * such part of the income of the trust shall be included in computing the net income of the grantor."

It appears that in December, 1922, the present taxpayer created a trust, the purpose of which was to pay premiums on his life insurance policies. He delivered to the trustee his promissory note in the amount of $150,000, payable in five years and bearing interest at 6 per cent., and pledged certain securities as collateral. He retained the right to substitute other securities, provided they were satisfactory to the trustee, and the trustee had the right to require additional collateral. The note was renewable at the election of the tax-payer for five-year periods, provided the trustee considered the collateral sufficient and satisfactory. If the note should not be paid prior to the taxpayer's death, the trustee could sell the collateral in satisfaction of the note and turn over the excess, if any, to the personal representative of the taxpayer. The trustee was to use the trust income to pay government or other taxes on the trust property, to pay the fees and expenses of the trustee, to pay the premiums on the taxpayer's policies, and to pay the balance of the income to the taxpayer.

The net income of the trust for 1924 was $8,700.19, of which $7,109.45 was paid for insurance premiums; and the net income for 1925 was $8,888.12, of which $7,653.10 was paid for such premiums. The taxpayer omitted the amounts thus received as income by the trustee from his income tax returns for the years 1924 and 1925, respectively, but the Commissioner of Internal Revenue held that they should be included, and determined a deficiency accordingly. In 1924 and 1925 the taxpayer claimed $9,000 as a deduction from gross income, representing interest on the note of $150,000, which was allowed by the Commissioner.

The taxpayer filed a petition for review of the Commissioner's determination with the Board of Tax Appeals which upheld the Commissioner. This appeal was then taken.

The question involved in the appeal is answered by the decision of the Supreme Court in Burnet, Commissioner of Internal Revenue, v. Wells, 289 U. S. 670, 53 S. Ct. 761, 77 L. Ed. 1439, decided May 29, 1933. That case involved five irrevocable trusts, of which we take the first as illustrative. In that instance the taxpayer assigned certain shares of stock to a trustee, the income of which was to be used to pay the annual premiums upon a policy of insurance for $100,000 on the life of the grantor. After the payment of the premiums, the excess income, if any, was to be accumulated until an amount sufficient to pay an additional annual premium had been reserved. Any additional income was, in the discretion of the trustee, to be paid to a daughter. Upon the death of the grantor, the trustee was to collect the policy, and with the proceeds was to buy securities belonging to the grantor's estate, amounting to $100,000 at their appraised value. The securities so purchased which were a substitute for the cash proceeds of the policy were to be held as part of the trust during the life of the daughter, who was to receive the income. On her death the trust was to end, and the corpus was

to be divided as she might appoint by her will, and in default of appointment or issue to the grantor's sons.

Upon these facts it was held by the court that the income of the trust which was to be applied to the payment of premiums upon the policy on the life of the grantor should be included in computing the net income of the grantor under the provisions of section 219 (h) of the Revenue Acts of 1924 and 1926.

The present case is identical in principle with the case just cited. It is claimed, however, by appellants that in the foregoing case the grantor of the trust derived a benefit thereunder, in that he was relieved from the obligation of paying insurance policy premiums; also that the grantor received other benefits not appearing in the present case, in that the trust in that case provided for the purchase by the trustee of securities from the settlor's estate, and thus enabled the estate to have available a large amount of cash.

These claims are not substantial. The obligation of paying insurance premiums by the grantor of the trust was simply a moral or social duty, and the provisions for the purchase by the trustee of securities from the settlor's estate presents no ground of difference between the two cases. Cf. Du Pont v. Commissioner of Internal Revenue, 289 U. S. 685, 53 S. Ct. 766, 77 L. Ed. 1447, Supreme Court, decided May 29, 1933.

The decision of the Board of Tax Appeals is therefore affirmed.