## SIMPSON v. COMMISSIONER OF INTERNAL REVENUE.
### No. 5391.

Circuit Court of Appeals, Seventh Circuit.
May 16, 1935.

John P. Wilson and Clay Judson, both of Chicago, Ill., for petitioner.

Frank J. Wideman, Asst. Atty. Gen., and Norman D. Keller and L. W. Post, Sp. Assts. to the Atty. Gen., for respondent.

Before SPARKS, FITZHENRY, and ALSCHULER, Circuit Judges.

SPARKS, Circuit Judge.

Petitioner seeks the review of a decision of the Board of Tax Appeals involving income taxes for the years 1927 and 1928. The sole question raised is whether the income for those years from certain revocable trusts was properly taxable to the settlor of the trusts or to the beneficiaries.

The three trusts in question were created in 1923 by petitioner for the benefit of his three sisters. The corpus consisted of 3000 shares of the common stock of Marshall Field and Company which the trustee was directed to divide into three equal parts, the income of which it was to collect and pay over to the three beneficiaries. The trust agreement provided that the settlor should have the pow-

er to terminate the trusts or any one of them on December 31, 1924, or the same day in any subsequent year. Unless the trusts were so terminated, they were to continue for the lifetime of the various beneficiaries, upon whose deaths the property held in trust was to revert to the settlor, his heirs or assigns. It is the revocation provision which gives rise to the present controversy. It was stipulated that none of the trusts were terminated during the years in question, and that no part of the income was received by the trustee on December 31 of either year.

Section 219 (g) of the Revenue Act of 1926 and section 166 of the Act of 1928 (26 USCA § 960 note, and section 2166) provide as follows:

"Where the grantor of a trust has, *at any time during the taxable year,* either alone or in conjunction with any person not a beneficiary of the trust, the power to revest in himself title to any part of the corpus of the trust, then the income of such part of the trust for such taxable year shall be included in computing the net income of the grantor." (Our italics.)

Petitioner contends that the effect of this provision is to permit the taxing of the grantor of a trust on the income of the trust only in those cases where the *income* was subject to his control through some act of his which could be performed during the taxable year, and that where, as here, the right to revoke could be exercised only on the last day of the year, and then only if written notice of the intention to revoke had been given sixty days before that day, he did not have the unfettered control of the income, nor of the corpus, necessary to bring him within the incidence of the tax. He quotes from Paragraph 1, Article 881 of Regulations 74: "Where the grantor relinquishes during the taxable year his power to revest in himself title to the corpus of the trust, the income of the trust shall be taxable to the grantor only for the period during which he had such power." He argues that in this case, at the time the trust was created, the settlor had relinquished his right to revoke except for the period of one day, hence should be taxed only for the income from the trust on that one day, and that since, as stipulated, the trustee received no income from the trust estate on that one day, no tax is due from the grantor. We do not agree with this interpretation of the regulation relied upon. We think that it was intended to cover cases where the trust agreement was so modified or amended during the taxable year as to do away with the right of the grantor to revoke the trust, transforming it into an irrevocable one, in which case he would be taxable only as to that part of the income received by the trustee during the period within which he retained the right to revoke. To construe the regulation otherwise would, it seems to us, override the plain language of the statute, which is not permissible.

Petitioner relies upon two cases involving the same section of the statute, both of which were decided in favor of the grantor, holding him not liable for the tax on the income of the trusts. See Langley v. Commissioner (C. C. A.) 61 F.(2d) 796, and Lewis v. White (D. C.) 56 F.(2d) 390. However, the revocation clause involved in each of those cases differed in one very important respect from the one involved in the case at bar, namely, that the revocation could never be consummated within any one taxable year, since notice of a year and a day was required in each. In the case at bar, on the contrary, the revocation could be completely accomplished within any taxable year. We fully agree with the reasoning and conclusion in Clapp v. Heiner (C. C. A.) 51 F.(2d) 224, that if at any single time within the year the grantor has the power to revoke the trust and revest title to the corpus in himself, the income is to be taxed to him. Even though the case of Reinecke v. Smith, 289 U. S. 172, 53 S. Ct. 570, 573, 77 L. Ed. 1109, involved a trust which could be revoked "at every moment," we think the language of the opinion supports the validity of the tax where the period during which the trust is capable of revocation is a shorter one, albeit that period be only one day, as in the case at bar. The Court said in that case:

"We think Congress may with reason declare that, where one has placed his property in trust subject to a right of revocation in himself * * * he shall be deemed to be in control of the property. We cannot say that this enactment is so arbitrary and capricious as to amount to a deprivation of property without due process of law. * * * A revocable trust

amounts, in its practical aspects, to no more than an assignment of income. This court has repeatedly said that such an assignment, where the assignor continued to own the corpus, does not immunize him from taxation upon the income. * * * It cannot therefore be successfully urged that as the legal title was held by the trustees the income necessarily must for income taxation be deemed to accrue from property of some one other than Douglas Smith."

 Petitioner also argues that if the interpretation of the statute urged by respondent and upheld by Clapp v. Heiner, supra, is adopted here it will violate the due process clause of the Fifth Amendment in that it will result in measuring the tax on one person's income by the amount of another person's income which the first did not receive and over which he had no control. The same argument was raised in Corliss v. Bowers, 281 U. S. 376, 50 S. Ct. 336, 74 L. Ed. 916, and in Reinecke v. Smith, supra, both of which cases sustained the validity of the statute as applied to trusts revocable at all times by the settlor, with, in the latter case, the consent of the trustee. The Court there distinguished the situation where an attempt was made to tax income arising from property always owned by one other than the taxpayer who had never had control of the property nor of the income from it, as in the case of Hoeper v. Tax Commission, 284 U. S. 206, 52 S. Ct. 120, 76 L. Ed. 248, where the tax levied on a husband was measured by the income of his wife.

The Corliss and the Reinecke Cases, supra, held the statute here involved constitutional as to trusts revocable without any qualification as to time. Burnet v. Wells, 289 U. S. 670, 53 S. Ct. 761, 77 L. Ed. 1439, upheld the constitutionality of section 219 (h) of the Revenue Act of 1924 (26 USCA § 960 note) permitting the taxing of the grantor on the income even of irrevocable trusts created to provide for the maintenance of insurance policies on his life. We think that these three cases considered together fully sustain the constitutionality of the statute as applied to the trusts in the case at bar. As stated in DuPont v. Commissioner, 289 U. S. 685, 53 S. Ct. 766, 767, 77 L. Ed. 1447, "Here the grantor did not divest himself of title in any permanent or definitive way, did not strip himself of every interest in the subject-matter of the trust estate. * * * One who retains for himself so many of the attributes of ownership is not the victim of despotic power when for the purpose of taxation he is treated as owner altogether." The Court there held the statute involved in the Wells Case, supra, constitutional as applied to the tax on the income of trusts revocable only at the end of any successive three year periods.

The order of the Board of Tax Appeals is affirmed.