**COMMISSIONER OF INTERNAL REVENUE v. STOKES. ***

No. 5448.

Circuit Court of Appeals, Third Circuit.
July 31, 1935.

*Writ of certiorari granted 56 S. Ct. 308, 80 L. Ed. —.

Frank J. Wideman, Asst. Atty. Gen., and Sewall Key and Arnold Raum, Sp. Assts. to Atty. Gen., for petitioner.

Frederick H. Knight and Henry Gross, both of Philadelphia, Pa. (Morgan, Lewis & Bockius, of Philadelphia, Pa., of counsel), for respondent.

Before BUFFINGTON, WOOLLEY, and DAVIS, Circuit Judges.

DAVIS, Circuit Judge.

This case involves the income tax liabilities of the taxpayer, Francis J. Stokes, for the years 1929 and 1930.

In 1928, the taxpayer executed a trust agreement whereby he transferred certain securities to the trustee to use the income therefrom for the maintenance, education, and support of his several minor children. The agreement directed the trustee, as each child became twenty-one years of age, or died prior to that time, to transfer the equal share of the fund of that child to the wife of the taxpayer, or if she should not be living, to the taxpayer himself, and if neither should be living, to other persons for the purposes therein expressed.

The trust agreement further provided that:

"Third: I direct that Lelia W. Stokes, during the continuation of this trust, may at any time by a written request to the trustee, receive such securities or sums of money under said trust as she may desire.

"Should, however, the said Lelia W. Stokes, die prior to the termination of this trust, then I reserve to myself the right to draw upon the principal of said trust as herein conferred upon her."

The Commissioner determined that the income derived from the trust fund in 1928 and 1930 was taxable to the settlor and not the trustees. The Board of Tax Appeals reversed the assessment, and the Commissioner came here on petition to review the order of the Board.

There must be no misunderstanding of the issue here involved. It is not a question of the power of Congress to provide that under such facts as are before the court the income of the trust is taxable to the settlor (Burnet v. Wells, 289 U. S. 670, 53 S. Ct. 761, 77 L. Ed. 1439; DuPont v. Commissioner, 289 U. S. 685, 53 S. Ct. 766, 77 L. Ed. 1447), but it is a question of whether or not Congress has given statutory authority to tax the income derived from the fund to the settlor.

The Commissioner contends that the income of the trust is taxable to the settlor under sections 166 and 167 of the Revenue Act of 1928 (26 USCA §§ 2166, 2167).

These sections provide:

"166. Where the grantor of a trust has, at any time during the taxable year, either alone or in conjunction with any person not a beneficiary of the trust, the power to revest in himself title to any part of the corpus of the trust, then the income of such part of the trust for such taxable year shall be included in computing the net income of the grantor."

"167. Where any part of the income of a trust may, in the discretion of the grantor of the trust, either alone or in conjunction with any person not a beneficiary of the trust, be distributed to the grantor

or be held or accumulated for future distribution to him, or where any part of the income of a trust is or may be applied to the payment of premiums upon policies of insurance on the life of the grantor (except policies of insurance irrevocably payable for the purposes and in the manner specified in section 23 (n) [section 2023 (n)], relating to the so-called 'charitable contribution' deduction), such part of the income of the trust shall be included in computing the net income of the grantor."

There is nothing in the provisions of those sections which applies to the situation here. Of course, the purpose of those statutes was to outlaw evasions of tax liability through the medium of trusts, but the Commissioner may not tax transactions which the terms of the statute do not include even though his failure to do so may decrease tax liability.

■ Under the terms of the trust agreement, the settlor has no power to revest in himself any part of the corpus of the trust. He irrevocably divested himself of it and can never come into possession of it except upon a contingency that may never occur.

■ No part of the income from the trust may, in the discretion of the grantor, either alone or in conjunction with any other person, not the beneficiary of the trust, be distributed to the grantor or held or accumulated for future distribution to him. The trust agreement puts it beyond his reach. He thus divested himself of title to the fund and the income derived from it and has no power or control over it. Consequently he has relieved himself from liability to be taxed upon the income.

The facts of this case do not fall within the provisions of section 166. As a matter of fact, the Commissioner relies on it without argument. The section applies to revocable trusts, where the settlor is vested with the power to revoke the trust "at any time during the taxable year." Duke v. Commissioner, 23 B. T. A. 1103, 1104, order affirmed in 62 F.(2d) 1057 (C. C. A. 3); Id., 290 U. S. 591, 54 S. Ct. 95, 78 L. Ed. 521; Schweitzer v. Commissioner, 75 F.(2d) 702, 706 (C. C. A. 7); Sydney R. Bliss, 26 B. T. A. 962; Regulations 74, Article 881.

Section 167 refers to trusts in which the settlor retains an interest in the income. There is nothing in the trust agreement here giving the settlor the right either to any of the income of the trust or to have it accumulated for his benefit. The Commissioner again argues that the income was used to free him from obligations, and therefore it was substantially and factually his income. This is refuted by the agreement itself.

Further, section 161 (b), Revenue Act 1928, 26 USCA § 2161 (b), expressly provides that the tax shall be computed on the net income of the trust and paid by the *trustee* except as provided in sections 166 and 167.

■ The Commissioner also relies to some degree upon section 162 (b) of the Revenue Act of 1928, 26 USCA § 2162 (b).

He says that the taxpayer can be considered a "beneficiary in fact" of the trust under the provisions of section 162 (b), since the purpose of the trust was to relieve the taxpayer of his legal obligation to care for and support his minor children. But the trust agreement puts the settlor outside the terms of that section of the statute, and he cannot be brought within it by judicial legislation. If the settlor is liable for taxes, it is because the statute when fairly construed brings him within its provisions, and not because he has established a trust which confers upon him or his family a benefit not made taxable by the terms of the statute. The word "beneficiary," as there employed, has its usual and ordinary meaning, and the statute merely provides that the trustee shall be allowed a deduction for income which is to be distributed currently to the beneficiaries of the trust.

The question here cannot be resolved by the same arguments that were used in Burnet v. Wells, supra. In that case, the facts fell directly within the provision of the statute that the settlor should be taxed for income of a trust used to pay insurance premiums on his life. The language of the statute was broad enough to fit the facts and the real question was a constitutional one.

It is possible to distinguish Willcuts v. Douglas, 73 F.(2d) 130, 131 (C. C. A. 8), on the facts of that case but not on the language used by the court. Schweitzer v. Commissioner, supra. But we agree with the court in the Schweitzer Case, in that part of its opinion wherein it said: "* * * we feel constrained to disagree with it [Willcuts v. Douglas] if the income is charged to him merely because it directly benefited him by discharging his obliga-

tion. To so hold we think would directly conflict with sections 161 (b) and 167 of the statutes. The argument that a reversal of this cause will open the door for increased tax evasion is quite persuasive, but in view of the Board's prior rulings in this respect, it would seem that the door has been open for some time, and Congress has failed to close it."

The order of the Board of Tax Appeals is affirmed.