*Decision will be entered under Rule 50.*

GRAHAM SUMNER, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 92988. Promulgated October 24, 1939.

*Graham Sumner, Esq.*, pro se, and *Charles F. McIsaac, Esq.*, for the petitioner.

*Sidney U. Hiken, Esq.*, for the respondent.

## OPINION.

STERNHAGEN: The Commissioner determined the deficiency by treating the income from the trust securities as taxable to the petitioner. He held that despite the declaration of trust the petitioner retained such attributes of ownership of the securities as to justify taxing him. If the deficiency is correct, it must be on this broad ground, because we find nothing in the terms of the instrument or the evidence to bring the case within either section 166 or 167. From the standpoint of legal form, the petitioner transferred property in trust, himself the trustee, to collect and distribute the income therefrom to another for a prescribed period until the trust was by its terms to end. He retained no power to revest any part of the trust property in himself during the trust period, and at the end thereof, although the property was revested in the settlor, the revesting was by virtue not of a power retained or vested in him but of the ter-

mination of the trust in accordance with its terms. *Phebe Warren McKean Downs*, 36 B. T. A. 1129. None of the income of the trust was retained or accumulated for the settlor at any time. It was all to be distributed to the beneficiary.

But the inapplicability of section 166 or 167 is not decisive, *Douglas* v. *Willcuts*, 296 U. S. 1. The troublesome question is whether, after the creation of the trust, the petitioner's control and dominion over the *res* is so substantially the same as it had been while he was unqualified owner as to justify taxing him irrespective of the trust. Practically speaking, the only effect of the trust was to require him to transfer the year's income to his wife. In all other respects his relation to the trust property was the equivalent of ownership. If the duration of the trust were very much longer than a year, he might be relieved of the tax upon the income, *Corning* v. *Commissioner*, 104 Fed. (2d) 329; *Clifford* v. *Helvering*, 105 Fed. (2d) 586 (certiorari applied for); *Henry A. B. Dunning*, 36 B. T. A. 1222; dismissed, 97 Fed. (2d) 999; *Jay C. Hormel*, 39 B. T. A. 244 (on review C. C. A., 8th Cir.), and he might also be free from tax if the corpus had consisted of real property with a more formal evidence of transfer in trust and the creation of a new estate. *United States* v. *First National Bank of Birmingham*, 74 Fed. (2d) 360. But here we have the minimum indicia of a separation of individual and trustee ownership. We think it is insufficient to support any distinction from the decision in *Du Pont* v. *Commissioner*, 289 U. S. 685. That case went up on two grounds, the second ground expressing the unanimous view of the Court, as follows:

> The provisions of these deeds would require a determination in favor of the government, though *Burnet* v. *Wells* had been decided the other way. * * * Here the grantor did not divest himself of title in any permanent or definitive way, did not strip himself of every interest in the subject-matter of the trust estate. During a term of three years, the trustee was to apply the income to the preservation of the policies, and while thus applying the income was to hold the principal intact for return to the grantor unless instructed to retain it longer. The situation in its legal effect would not be greatly different if the trusts had been created for a month or from day to day. One who retains for himself so many of the attributes of ownership is not the victim of despotic power when for the purpose of taxation he is treated as owner altogether.

Certainly there are as slight a divestiture of title, as much command over the disposition of the trust, a retention of as many attributes of ownership, here as there were in that case. See *Burnet* v. *Wells*, 289 U. S. 670. The Court, without referring to sections 166 and 167 or their prototypes in earlier statutes, held that the practical effect of the trust was so negligible as to leave the income taxable to the settlor even though the trust period was three years. We see no escape from the controlling effect of that decision upon the present case. See *Benjamin F. Wollman*, 31 B. T. A. 37; *William C. Rands*,

34 B. T. A. 1107; dismissed, 101 Fed. (2d) 1018; *Estate of A. C. O'Laughlin*, 38 B. T. A. 1120 (on review C. C. A., 7th Cir.).

The Commissioner correctly held the trust income taxable to the petitioner.

An attempt was made by petitioner to claim deductions if the trust income be held taxable to him. But they were not pleaded, the respondent properly objected to evidence about them because he was uninformed and not prepared on the subject, and they were not proven at the hearing but only referred to as a claim. They are therefore not judicable in this proceeding.

*Decision will be entered under Rule 50.*