LOUISE B. JONAS, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 91010.   Promulgated November 28, 1939.

*Ferdinand Tannenbaum, Esq.*, for the petitioner.
*Benjamin M. Brodsky, Esq.*, for the respondent.

## OPINION.

HILL: The issue here is whether the income of the trusts for the taxable year is includable in petitioner's income for tax purposes under section 166 or 167 of the Revenue Act of 1934, or upon the ground that petitioner retained such command and control of the trust properties that she did not divest herself of title and every interest therein in any permanent or definitive way. Section 166 relates exclusively to revocable trusts. The trusts here were not revocable; hence, section 166 does not apply. Section 167 is in material part as follows:

SEC. 167. INCOME FOR BENEFIT OF GRANTOR.

(a) Where any part of the income of a trust—

(1) is. or in the discretion of the grantor or of any person not having a substantial adverse interest in the disposition of such part of the income, be held or accumulated for future distribution to the grantor; or

(2) may, in the discretion of the grantor or of any person not having a substantial adverse interest in the disposition of such part of the income, be distributed to the grantor; or

\* \* \* \* \* \* \*

then such part of the income of the trust shall be included in computing the net income of the grantor.

For convenience of discussion we shall refer to the trust for the benefit of George E. Jonas, with the understanding that what we say relative thereto is applicable also to the trust for the benefit of James A. Jonas.

The trust instrument directed the trustees "to pay and apply the net interest and income thereof to the support and maintenance of George E. Jonas", during the term of the trust. The trust instrument also directed that upon the termination of the trust "the principal of such trust fund and all interest and income thereof shall revert to and be paid to the party of the first part, or if she then be dead, the same shall belong to and be paid over \* \* \* to the executors, administrators and personal representatives of the party of the first part."

We think the correct construction of the trust instrument as indicated by the language set forth in the two quoted excerpts from such instrument is that the amount of the income of the trust which the trustee was authorized and directed to pay to the beneficiary was limited to the reasonable need of the beneficiary for support and maintenance and that if there was an excess of such income over such need it must be accumulated for distribution to the petitioner or her personal representatives upon the termination of the trust. In order to determine the amount to be distributed to the beneficiary for support and maintenance it was encumbent upon the trustee to determine as a fact the amount necessary to meet the reasonable need of the beneficiary for support and maintenance. The duty to determine such amount was mandatory. It was not a duty to be performed or not in the discretion of the trustee. Nor did the trustee have any discretion to determine that he would pay for maintenance and support an amount other than that found to be reasonably necessary, in fact, for such purpose. When the amount necessary to meet such need was so ascertained there was no discretion in the trustee to apply either a less or greater amount of the trust income to such purpose. If there should be an excess of the net income of the trust over the amount determined by the trustee to be necessary for the maintenance and support of the beneficiary, such excess was automatically accumulated under the terms of the trust. The trustee had no discretion relative to such accumulation. Under the terms of the trust the petitioner (grantor) had no control over the trust income or over its distribution or accumulation. During the taxable year all of the income of the trust was distributed to the beneficiary. Such distribution could have been made properly only upon the fact found by the trustee that the full amount of such income was reasonably necessary for the support and maintenance of the beneficiary. In fact, the respondent does not contend that the deficiency is justified on the ground that no part of the trust income was necessary for the support and maintenance of the beneficiary, or that a greater amount of such income than was necessary for such purpose was distributed to the beneficiary. There is no evidence in the record as to the amount necessary for such support and maintenance and the question is not raised or touched upon by either of the parties on brief. Since the point was not raised, we assume that the trustee acted within his mandatory power in making such distribution and that hence, in the taxable year, no part of trust income was, or in the discretion of any one might have been, held or accumulated for future distribution to petitioner or her personal representatives. Therefore, section 167 (a) (1), *supra*, has no application. There was no power or discretion in any one reserved or granted in the trust

instrument to distribute any part of the trust income to petitioner prior to the termination of the trust and no distribution thereof was made to her in the taxable year. Hence, section 167 (a) (2), *supra*, does not apply. Respondent's main contention in support of the deficiency is that "petitioner retained such command over, and control of, the trust properties, that she did not divest herself of title in any permanent or definitive way, did not strip herself of every interest in the subject matter of the trust estates, and hence the income thereof is taxable to her." To justify the deficiency on this ground it must appear that the income in question was in fact petitioner's, or that under the facts here the statute specifically imposes upon petitioner a tax upon such income regardless of whether or not it was hers.

On this point respondent argues that the issue should be analyzed in the light of a broader and more fundamental concept of taxation, of which sections 166 and 167 are but a part. We do not understand that respondent contends that the income in question was that of petitioner. We think it was not and so hold. The respondent does contend that by reason of the reversionary provision of the trust and the shortness of its term petitioner did not relinquish control or command over the trust property in a permanent or definitive way and that therefore under the general concept of taxation the income in question is taxable to petitioner. In support of this contention respondent cites *Burnet* v. *Wells*, 289 U. S. 670; *Du Pont* v. *Commissioner*, 289 U. S. 685. In those cases the Supreme Court had for consideration the question of the constitutional validity of that part of section 219 (h) of the Revenue Acts of 1924 and 1926 which corresponds in substance to section 167 (a) (3) of the Revenue Act of 1934. The provision of the statute under consideration there provided in substance that income of a trust should be attributed to the creator of the trust for tax purposes in so far as it has been applied to the maintenance of insurance on his life. The Court sustained the validity of the statute and set forth in its opinions the reasons why the statute does not contravene the Fifth Amendment of the Constitution. The tax deficiency in each of those cases was determined pursuant to the specific provisions of the statute. The Supreme Court did not construe the statute. There was no occasion for such construction, as the language of the statute is plain and unambiguous. In the *Wells* case the Supreme Court said "the meaning of the statute is not doubtful, whatever may be said of its validity", and again it said "the purpose of the law is disclosed by its legislative history, and indeed is clear upon the surface." The trust involved in the *Du Pont* case was for a short term, with reversion of the principal of the trust to the creator. These features were not

present in the trust involved in the *Wells* case. In the *Du Pont* case the Supreme Court said:

Here the grantor did not divest himself of title in any permanent or definitive way, did not strip himself of every interest in the subject matter of the trust estate. During the term of three years, the trust was to apply the income to the preservation of the policies, and while thus applying the income was to hold the principal intact for return to the grantor unless instructed to retain it longer. The situation in its legal effect would not be greatly different if the trust had been created for a month or from day to day. One who retains for himself so many of the attributes of ownership is not the victim of despotic power when for the purpose of taxation he is treated as owner altogether.

That language was used by the Court in discussing the legislative power of taxation. Congress, in the statute under consideration there, specifically provided that income of a trust devoted to the payment of insurance on the life of the creator should be taxed to him. The Court did not in either the *Wells* case or *Du Pont* case expand the statute, by construction, beyond its literal meaning, but merely held it to be valid as applied to the facts in those cases. The Supreme Court said that the *Du Pont* case was ruled by the *Wells* case, but indicated that the statute was valid on the facts of the *Du Pont* case even if it had been held invalid on the facts of the *Wells* case.

Respondent also cites, as supporting the taxability to petitioner of the income in question, the cases of *Clapp* v. *Heiner*, 51 Fed. (2d) 224; *Reinecke* v. *Smith*, 289 U. S. 172; and *Corliss* v. *Bowers*, 281 U. S. 376. Each of those cases involves the constitutional validity of section 219 (g) of the Revenue Act of 1924 (corresponding to section 166 of the Revenue Act of 1934) under which a tax was imposed upon the grantor on the income of a revocable trust. In each of those cases the grantor, either alone or in conjunction with a trustee, had the power to revoke the trust and to revest the trust property in himself, and he had unfettered command over the trust property and the income thereof. On the basis of such facts the validity of the statute was upheld and applied according to its literal terms. Those cases are clearly not in point on the facts here and, hence, do not rule this proceeding.

In the instant proceeding we do not have the question of whether there is legislative power to attribute to the creator of a trust for tax purposes income of the trust, but merely the question of whether such legislative power has been exercised in the enactment of sections 166 and 167 (a) (1) and (2). Whether a tax may be imposed or has been imposed are entirely different propositions. Legislative power may be broader than legislative acts, and, in determining the extent to which such power has been exercised, we look to the legislative act. A tax is specifically imposed or it is not imposed at all. A

general plan of taxation or a general concept of tax is not determinative of whether a particular tax has in fact been imposed. For the latter we must look to the statute. The only statutory provisions which deal with the particular tax here under consideration are sections 166 and 167 (a) (1) and (2), *supra.* As hereinabove stated, it is our opinion that the provisions thereof do not apply to the facts in this proceeding.

In further reference to respondent's argument that because of the short term of the trust with reversion of the trust property to petitioner she did not relinquish permanent and definitive control or command over the property and that therefore she is taxable on the income thereof, suffice it to say that neither sections 166 and 167 (a) (1) and (2), *supra,* nor any other statute, taxes the grantor on the income of a trust merely on such ground. In order to sustain such contention of respondent something must be read into the statutes that was not written therein by Congress and thus extend their provisions beyond the clear import of the language used. This we are not authorized to do. *Gould* v. *Gould,* 245 U. S. 151.

In *Willcuts* v. *Douglas,* 73 Fed. (2d) 130, the respondent sought to hold the creator of a trust with a reversionary interest in its corpus liable for tax upon its income. In its opinion the court said:

One contention of the Commissioner is that the entire income from this trust is taxable to the creator thereof because, under its terms, the trust estate is to revert to the creator after it has served the purpose of its creation and also the creator is entitled to the surplus annual income of the trust above the required payments to his wife. We do not see why either or both of these provisions should, of themselves, have such result; * * *

The bald fact that, after an irrevocable trust has served its purpose, the trust estate is to revert to the creator, does not, without more, make the income during the trust period that of the creator for tax or any purposes. The statute is aimed at taxation of income. It expressly recognizes trust estates as taxable entities and specifically points out the trustee or the beneficiary as the taxpayer for incomes from such estates. If the creator of the trust is beneficially entirely separated from that income under all allowable tax considerations, he is as though a total stranger thereto. The duration of the trust and the disposition of the corpus at the termination of the trust are, of themselves alone, usually quite immaterial. * * *

See also *Phebe Warren McKean Downs,* 36 B. T. A. 1129; *Meredith Wood,* 37 B. T. A. 1065.

In the instant proceeding petitioner retained no control over the trust property or the disposition of the income therefrom. Such property and its management and control and the disposition of the income therefrom were as effectively placed beyond her reach for the term of the trust as if she had absolutely alienated all her interest therein. During the taxable year she received no economic benefit therefrom, either presently or for future enjoyment. Accordingly,

we hold that that part of the deficiency attributable to the inclusion of the income of the trusts in question in petitioner's income for tax purposes is not sustained.

In harmony with his adjustment, which we here revise, the respondent allowed deductions for charitable contributions based upon the income as increased by him. In his amended answer respondent prays, in event we find in favor of petitioner on the income issue, that the deductions thus allowed on account of charitable gifts be correspondingly reduced to the amount allowed by law on petitioner's true income. In view of our findings, the respondent's prayer for reduction of this deduction is sustained.

*Decision will be entered under Rule 50.*