EDWARD E. RIECK, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 95885. Promulgated February 27, 1940.

*W. A. Seifert, Esq., W. W. Booth, Esq.,* and *A. G. Wallerstedt, C. P. A.,* for the petitioner.

*Orris Bennett,* Esq., for the respondent.

### OPINION.

SMITH: This proceeding involves an income tax deficiency of $17,018.15 for the year 1936. The contested portion of the deficiency

results from the addition to petitioner's reported income of $36,438.75 representing that part of the income of a life insurance trust established by the petitioner in 1932 that was used in 1936 to pay the premiums on policies of insurance on petitioner's life.

The proceeding was submitted on a written stipulation of facts, which we adopt as our findings of fact herein. Briefly stated, the facts essential to a consideration of the questions in issue are as follows:

On May 21, 1932, the petitioner executed an agreement designated "LIFE INSURANCE TRUST", by which he transferred in trust to three named trustees a number of policies of insurance on his life, amounting in the aggregate to over $700,000, and certain securities. The insurance policies and the securities were transferred to the trustees irrevocably so as to vest title thereto in them and to divest the insured of all incidences of ownership therein.

Under the provisions of the trust instrument the trustees, during the lifetime of the insured, were to pay the premiums on the policies out of the "net income" from the securities held by them and distribute any surplus net income annually to the insured's wife and four children, who were named as beneficiaries. The trust instrument further provided that:

* * * in case the net income and surplus income shall at any time be insufficient to pay all of said premiums, then the Insured may pay same, and otherwise the Trustees, in their discretion, may convert any of said securities into cash, or may borrow upon said policies, from one of the Trustees or elsewhere, or may exercise any option for the application of loan provisions to the payment of premiums. * * *

The proceeds of the policies when received by the trustees likewise were to be distributed to the beneficiaries. The trust was to continue until the death of the last survivor of the named beneficiaries, when the income and corpus were to be distributed to the settlor's heirs at law.

At January 1, 1936, the trust had cash on hand in the amount of $9,281.51. During the taxable year 1936 it received dividends of $40,000 and paid out taxes for the year 1935 in the amount of $1,772.50, trustees' commissions in the amount of $1,200, and premiums on policies of insurance on petitioner's life in the total amount of $36,438.75.

When some of the premiums on the insurance policies and the 1935 taxes became due in 1936 the trust did not have sufficient funds to pay them. In June 1936 and again in August of that year, it called upon the beneficiaries to furnish the funds required for those purposes, which they did, advancing to the trust out of their individual estates a total of $12,035.74, each contributing in proportion to his interest in the trust.

On December 18, 1936, the trustees distributed to the several beneficiaries a total of $21,906.

Following is a tabulated statement of the trust's receipts and disbursements during the year 1936:

| Receipts | | Disbursements | |
| --- | --- | --- | --- |
| Cash January 1, 1936 | $9,281.51 | Taxes paid | $1,722.50 |
| Dividends | 40,000.00 | Commissions paid | 1,200.00 |
| Advances by beneficiaries | 12,035.74 | Premiums paid | 36,438.75 |
| | | Distributed | 21,906.00 |
| Total | 61,317.25 | | |
| | | Total | 61,317.25 |

The beneficiaries of the trust reported the amounts distributed to them by the trustees in 1936 in their individual income tax returns for that year. None of the income of the trust was reported by the petitioner in his income tax return.

In a prior proceeding brought by this petitioner for the redetermination of a deficiency for 1932, the Board determined in a memorandum opinion entered June 30, 1936, that the petitioner was taxable in 1932 on the amount of the net income of the trust here under consideration which was used in that year to pay premiums on policies of insurance on petitioner's life. Final decision was entered August 21, 1936, determining a deficiency of $3,173.50. On September 10, 1936, the petitioner filed a motion to reopen the case, which was granted, and amended his petition to set forth a claim for the deduction of a loss not claimed in the original petition. Upon reconsideration the Board determined in *Edward E. Rieck*, 35 B. T. A. 1178, that there was an overpayment of petitioner's tax for 1932 in the amount of $2,057.98, of which $1,669.92 was paid within two years before the filing of the petition, within the meaning of section 504 (a) of the Revenue Act of 1934. The Board stated in its published report that:

\* \* \* In this motion to reopen and amend the petition, petitioner did not contest the correctness of the Board's holding on the only point covered by the memorandum opinion. He concedes that the Board's holding on that point is correct and that issue is no longer before us. \* \* \*

On appeal to the United States Circuit Court of Appeals for the Third Circuit, brought by the Commissioner, the Board was reversed on its holding that the amount of $1,669.92 was paid by the petitioner within two years before the petition was filed. *Commissioner* v. *Rieck*, 104 Fed. (2d) 294.

The petitioner's contentions in this proceeding are, first, that he is not taxable in 1936 on any part of the income of the trust for that year, and, second, that in any event he is taxable on only $16,256.87 of such income, since that amount only was actually used by the trustees to pay the premiums on policies of insurance on his life.

The pertinent provisions of the statute are found in section 167 (a) (3) of the Revenue Act of 1936, which reads as follows:

SEC. 167. INCOME FOR BENEFIT OF GRANTOR.

(a) Where any part of the income of a trust—

\* \* \* \* \* \* \*

(3) is, or in the discretion of the grantor or of any person not having a substantial adverse interest in the disposition of such part of the income may be, applied to the payment of premiums upon policies of insurance on the life of the grantor (except policies of insurance irrevocably payable for the purposes and in the manner specified in section 23 (o), relating to the so-called "charitable contribution" deduction);

then such part of the income of the trust shall be included in computing the net income of the grantor.

The first question is the same as that decided by the Board in its memorandum opinion of June 30, 1936, involving the year 1932. Our ruling there was that under section 167 (a) (3) of the Revenue Act of 1932, which is identical with section 167 (a) (3) of the Revenue Act of 1936, the petitioner was taxable in 1932 on that portion of the income of the trust—the same trust now under consideration—that was used to pay premiums on the insurance policies taken out on petitioner's life. We held that the balance of the net income of the trust which was distributable to the beneficiaries was not to be included in petitioner's income. Our determination there was based squarely upon *Burnet* v. *Wells*, 289 U. S. 670. The Supreme Court held in that case that under the provisions of section 219 (h) of the Revenue Acts of 1924 and 1926, which are identical with the statutory provisions here applicable, the settlor was taxable on so much of the income of several insurance trusts as was used to pay the premiums on policies of insurance on his life, and that so construed the statute was not unconstitutional.

The respondent contends that in this proceeding the question of the petitioner's liability for tax on that portion of the trust income which was used to pay the premiums on policies of insurance on petitioner's life is *res adjudicata* by reason of the Board's memorandum opinion of June 30, 1936, which was not affected by the Board's later opinion published at 35 B. T. A. 1178, or by the court in its reversal of that case.

Regardless of the question of *res adjudicata*, however, we are still of the opinion, as previously expressed, that the question here presented falls squarely under the Supreme Court's ruling in *Burnet* v. *Wells*, *supra*, both as to the applicability of the statute and its constitutionality. See also *Du Pont* v. *Commissioner*, 289 U. S. 685. We hold, therefore, that the petitioner as settlor of the trust is taxable on so much of the trust income as was applied or might have been applied

to the payment of premiums on policies of insurance upon the petitioner's life.

We are of the opinion, further, that within the intendment of section 167 (a) (3), *supra*, all of the premiums paid on the policies of insurance on petitioner's life which were held by the trust in 1936 either were paid or might have been paid out of the income of the trust. The net income of the trust for the entire year amounted to $37,027.50 after the payment of taxes and trustees' commissions, while the premiums paid on the insurance policies amounted to only $36,438.75.

Petitioner makes the contention that only $16,256.87 of the trust income is taxable to him since that is the amount of such income that was actually applied to the payment of the insurance premiums, the balance of such premiums having been paid with the funds contributed by the beneficiaries out of their own estates. The contention is without merit. The funds contributed by the beneficiaries for the payment of premiums on insurance policies are properly to be regarded as loans or advances to the trust which were to be returned to them when the trust received its dividends for that year. The trust instrument expressly empowered the trustees to borrow funds for the purpose of paying the premiums on the insurance policies. It did not authorize the trustees to accept contributions for that purpose from the beneficiaries. It was clearly the petitioner's intention in creating the trust that the premiums should be paid out of the trust income, and the trustees were so directed. The balance of the trust income was distributable to the beneficiaries "annually." The amount of the trust's distributable income necessarily must be determined on an annual accounting basis. See *Letts v. Commissioner*, 84 Fed. (2d) 760, affirming 30 B. T. A. 800. Otherwise, the purpose of the settlor of the trust as well as the purpose of the statute might be wholly defeated by the simple expedient of the trust borrowing money each year to pay all of the insurance premiums, thereby relieving the settlor of tax liability on such amounts under section 167 (a) (3), and at the end of the year distributing all of its income to the beneficiaries and claiming a deduction of such distributions under section 162 (b).

In *Frederick K. Barbour*, 39 B. T. A. 910, one of the cases relied upon by the petitioner, we held that the settlor of a trust was not taxable under section 167 (a) (3) on distributable trust income that was used by the beneficiary to pay premiums on policies of insurance on the settlor's life, which policies were owned entirely by the beneficiary. The distinguishing feature of that case, which differentiates it from both *Burnet v. Wells, supra*, and the instant case, is that there was no provision in the trust instrument for the payment of the insurance premiums out of the income of the trust and no restriction was imposed on the beneficiary's use of the distributable income of the

trust. This distinction was aptly pointed out in the concurring opinion by Murdock and Opper to which other members agreed. Also, in the concurring opinion the cases of *George Washington, Sr.*, 36 B. T. A. 74, and *Alfred F. Pillsbury*, 19 B. T. A. 1229, were distinguished on the same grounds.

We are of the opinion that the net income of the trust for 1936 is taxable to the petitioner to the extent of the amount of the premiums on policies of insurance on his life which were paid or were payable by the trustees during that taxable year, regardless of the source of the funds from which the premiums were actually paid.

*Decision will be entered for the respondent.*