### SEWELL v. COMMISSIONER OF INTERNAL REVENUE
(two cases).

No. 11373.

Circuit Court of Appeals, Fifth Circuit.

Nov. 9, 1945.

W. A. Sutherland, of Atlanta, Ga., and Wilton H. Wallace and E. F. Colladay, both of Washington, D. C., for petitioners.

John F. Costelloe, Sewall Key, and Helen R. Carloss, Sp. Assts. to Atty. Gen., Samuel O. Clark, Jr., Asst. Atty. Gen., and J. P. Wenchel, Chief Counsel, Bureau of Internal Revenue, and John T. Rogers, Sp. Atty., Bureau of Internal Revenue, both of Washington, D. C., for respondent.

Before SIBLEY, McCORD, and WALLER, Circuit Judges.

WALLER, Circuit Judge.

The question involved here is one of intent, that is, whether or not the petitioners intended to make a completed gift inter vivos of the corporate stock to their respective wives, or whether the stock was placed in their wives' names only for tax purposes with the alleged donors retaining the same dominion and control as if there had been no transfer. There are ample facts in the record to justify the factual finding by the Tax Court that the donors merely intended to accomplish the latter purpose. Under Dobson v. Commissioner of Internal Revenue, 320 U.S. 489, 64 S.Ct. 239, 88 L.Ed. 248, the findings of fact by the Tax Court should not be disturbed.

The petitioners' motion to remand the case to the Tax Court for consideration by the Tax Court of a declaratory decree of the state court of Georgia rendered since the decision by the Tax Court, in which declaratory decree the state court held that there had been completed gifts of the stock by the petitioners to their wives, is denied. A decision of the state court is binding between the parties in the settlement of their legal rights inter sese, but the income tax consequences of such transactions are for the Tax Court. Estoppel, laches, acceptance of benefits, rights of third parties, are incidents that might af-

fect the decisions of the state courts in a contest between the parties, which would have no bearing in a controversy between the parties and the United States over income taxes imposed by virtue of a Federal Statute.

The motion to remand is denied and the case is affirmed.