**LOGGIE v. THOMAS, Collector of Internal Revenue.**

No. 11449.

Circuit Court of Appeals, Fifth Circuit.

Dec. 10, 1945.

Rehearing Denied Jan. 7, 1946.

Jno. E. Kilgore, of Dallas, Tex., and Guy Rogers, of Wichita Falls, Tex., for appellant.

Samuel O. Clark, Jr., Asst. Atty. Gen., and Melva M. Graney and Sewall Key, Sp. Assts. to the Atty. Gen., and Robert B. Young, Jr., U. S., Atty., of Fort Worth, Tex., for appellee.

Before SIBLEY, McCORD, and WALLER, Circuit Judges.

WALLER, Circuit Judge.

The chief question involved in this case is whether or not a declaratory judgment of a state court, rendered after a federal income tax liability had accrued, in a case in which neither the Collector nor the Com-missioner of Internal Revenue was a party, is res judicata in a suit in the Federal Court involving such income tax liability.

The income tax consequences to donors or to trustees are not always controlled by the sole incidence of the naked legal title. See Helvering, Commissioner, v. Clifford, 309 U.S. 331, 60 S.Ct. 554, 84 L.Ed. 788; Helvering, Commissioner, v. Horst, 311 U.S. 112, 61 S.Ct. 144, 85 L.Ed. 751, 131 A.L.R. 655; Harrison v. Schaffner, 312 U.S. 579, 61 S.Ct. 759, 85 L.Ed. 1055; Dupont v. Com'r of Internal Revenue, 289 U.S. 685, 53 S.Ct. 766, 77 L.Ed. 1447. The fact, therefore, that the state court has rendered a declaratory judgment in reference to the legal title to property as between trustee and cestuis que trust does not foreclose an inquiry as to the liability of the trustee for taxes on the income from the same property involved in the state court judgment. See Sewell v. Commissioner of Internal Revenue, 5 Cir., 151 F.2d 765.

The Appellant still had the power to use and control the income according to her own discretion, and under the applicable decisions she is liable for the tax as held by the Court below.

The judgment is affirmed.