*236 OPINION.
Leech :
The income tax deficiency predicating this proceeding was determined against Oklahoma Contracting Corporation, alone. Therefore, that corporation, and no other, can be the petitioner here. Accordingly, the petition is dismissed as to T. R. Jones, Inc. Revenue Act of 1928, sec. 272 (a); Rule 6 of the Rules of Practice of the Board of Tax Appeals; Fred, Shingle, 34 B. T. A. 875. See Helvering v. Morgan's, Inc., 293 U. S. 121; Forest Glen Creamery Co., 33 B. T. A. 564. The dissolution of petitioner occurred within the *237 three years preceding the filing of this petition, so it is the proper petitioner. Vernon’s Revised Statutes of Texas, art. 1389.
The deficiency resulted from the computation of petitioner’s income on a separate basis and was determined for the period January 1 to July 23,1931. The validity of all or any part of that determination is the controlling question presented.
The right of petitioner to have its income and taxes thereon computed upon a consolidated basis depends upon two premises: (1) The fact of its affiliation within the applicable statute and regulations (Revenue Act of 1928, sec. 141 (cl); Regulations 75, art. 2 (b)); and, (2), its election of that basis under the applicable statute and regulations (Revenue Act of 1928, sec. 141 (a); Regulations 75, arts. 1 and 10).
"VVe believe this record sustains beyond reasonable doubt that the Company, and not T. R. Jones, Inc., was affiliated with petitioner during the entire calendar year 1931. That status of affiliation between the Company and the petitioner was not changed during that year.
The right to have corporate income computed on a consolidated basis and the tax determined on such basis is a privilege extended by Congress, conditional upon the strict compliance with the regulations of the Commissioner, authorized by the statute, and antecedent to the grant of that privilege. Revenue Act of 1928, sec. 141 (a) and (b); Regulations 75, art. 1. Commissioner v. Manus-Muller Co., 79 Fed. (2d) 19; certiorari denied, 296 U. S. 657; Wishnick-Tumpeer v. Helvering, 77 Fed. (2d) 774; Smith Paper Co., 31 B. T. A. 28; affd., 78 Fed. (2d) 163; certiorari denied, 296 U. S. 627; Manchester Savings Bank & Trust Co., 34 B. T. A. 1008; Fletcher American National Bank, 33 B. T. A. 453.
The regulations decisive here are reasonable. Corner-Broadway-Maiden Lane v. Commissioner, 76 Fed. (2d) 106; American Gas & Electric Securities Corporation, 33 B. T. A. 245. The election to exercise that privilege must be exercised when the return of the parent corporation is filed, and at no other time. Regulations 75, art. 10. Manchester Savings Bank & Trust Co., supra; Detroit Gear & Machine Co. v. Helvering, 75 Fed. (2d) 660; Radiant Glass Co. v. Burnet, 54 Fed. (2d) 718.
The several tentative returns filed here, though captioned differently than the final return, were upon a consolidated basis. The only final return here is that of T. R. Jones, Inc., parent, and petitioner, subsidiary. Whether or not the election to file consolidated returns was properly exercised is controlled by that final return. It purports to include the income of petitioner, as subsidiary,' and T. R. Jones, Inc., as parent. The schedules attached to this return purported to *238 detail and segregate that income. Such return was obviously in error and was so noted by respondent as to the period in 1931 preceding July 23, since it was clear that T. R. Jones, Inc., could not be a parent prior to its birth on the latter date. But, obvious as was that fact on the return, the actual parent for that period, or any other period during 1931, was not indicated in any way. That return, erroneous as it was, has not been amended nor has any attempt to amend it been made. The question of whether, under the present circumstances, it could have been amended, is not before us. Accordingly, not only is the petitioner not entitled under the applicable statute and regulations to have its income and tax thereon computed upon a consolidated basis with any company for the calendar year 1931 (Revenue Act of 1928, sec. 141 (a) and (b); Regulations 75, art. 12 (a) and art. 18 (b)), but, on this record, respondent could legally compute petitioner’s income tax for the calendar year 1931 only on a separate basis. Regulations 75, art. 18 (b). Cf. Corner-Broadway-Maiden Lane v. Commissioner., supra; American Gas & Electric Securities Corporation, supra.
However, the pending deficiency determined by respondent covers only the period in 1931 from January 1 to July 23. The respondent has no authority to determine a deficiency for any other than a taxable period or year of the taxpayer. Revenue Act of 1928, sec. 41; Brooklyn City Railroad Co., 27 B. T. A. 77; affd., Helvering v. Brooklyn City Railroad Co., 72 Fed. (2d) 274. The status of affiliation existing between the Company and petitioner throughout the entire calendar year 1931 was not changed in any way at any time during that year. Therefore, petitioner corporation had no other taxable period or year than the entire calendar year 1931. It follows that respondent had no legal right to determine a deficiency against petitioner for any other period than the entire calendar year 1931. Accordingly, there is no deficiency against the petitioner for the period in controversy, to wit: January 1 to July 23, 1931. Mrs. Grant Smith, 26 B. T. A. 1178; Elgin Compress Co., 31 B. T. A. 273; Pittsburgh & West Virginia Railway Co., 32 B. T. A. 66; Forest Glen Creamery Co., supra.
And, since there is no deficiency, the delinquency penalty was improperly imposed. Oscar K. Eysenbach, 10 B. T. A. 716; F. Hunt Lowry, 11 B. T. A. 409; Mollie Netcher Newbury, Trustee, 31 B. T. A. 41.
Decision will be entered for the petitioner»