COLUMBIA RIVER ORCHARDS, INC., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

E. D. GENSINGER, PETITIONER, v. COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 20501, 20502. Promulgated September 22, 1950.

*A. R. Kehoe, Esq., R. B. Hooper, Esq.,* and *H. B. Jones, Esq.,* for the petitioners.
*John H. Figg, Esq.,* for the respondent.

254

**OPINION.**

LeMire, *Judge:* The first matter to be disposed of is respondent's motion filed at the hearing to dismiss the proceeding in *Columbia River Orchards, Inc.*, Docket No. 20501, for lack of jurisdiction on the ground that the corporation was finally and completely dissolved on May 24, 1944, with the result that neither the former corporation nor the former liquidating trustee is authorized or empowered to maintain and prosecute this proceeding. The petition was filed in the name of the corporation by the petitioner as former liquidating trustee and sole beneficial stockholder. The facts are that the corporation was completely and finally dissolved for all purposes on May 24, 1944; that respondent mailed a deficiency notice to the corporation in care of petitioner on June 29, 1948; and that the petitioner filed a petition in the name of the corporation on September 27, 1948. Under the laws of the State of Washington, the corporation's existence was terminated on May 24, 1944, when the trustee's certificate of final dissolution was filed with the Secretary of State. Remington's Revised Statutes of Washington, § 3803–59. There is no provision in Washington law for continuance of the corporation after that date for any purpose, and the petitioner has no lawful authority to act for the corporation. Cf. *S. Hirsch Distilling Co.*, 14 B. T. A. 1073, and *First Bond & Mortgage Co.*, 21 B. T. A. 1. It follows that the petition filed by him is not the petition of the taxpayer in Docket No. 20501, and the proceeding in that docket is therefore dismissed for lack of jurisdiction. *Nibley-Mimnaugh Lumber Co.*, 37 B. T. A. 617; *G. M. Stand'fer Construction Corporation* v. *Commissioner*, 78 Fed. (2d) 285. There is a recently expressed disagreement with the authorities holding that the right of a dissolved corporation to invoke

the jurisdiction of this Court depends upon the law of the state of incorporation rather than upon Federal law. See *Bahen & Wright, Inc.* v. *Commissioner*, 176 Fed. (2d) 538. However, in view of our disposition of the transferee proceeding, no reexamination of our long established rule, which we follow here, is warranted.

There is a further jurisdictional question as to whether we have jurisdiction over any period other than the period January 1 to July 17, 1943. Respondent's deficiency notice and notice of transferee liability stated that the determination of tax liability "for the taxable year January 1, 1943 to July 17, 1943" disclosed the deficiencies here involved. In the explanation of adjustments attached to the notice, respondent stated that: "It is held that sales of fruit   *   *   *   which were made by the corporation prior to the date of dissolution should be included in sales of the corporation." By successive amendments to his answer to the petition respondent alleged, first, that the corporation's taxable year 1943 was January 1 to October 11, 1943, instead of the period January 1 to July 17, 1943, as originally stated in the deficiency notice, and, second, and that it was the entire calendar year 1943.

Respondent admits that he has no authority to alter the correct taxable period of a taxpayer and that this Court has no jurisdiction where the deficiency notice does not cover a proper taxable period. He argues, however, that his deficiency notice was intended to cover the entire taxable period and that he is entitled to correct his erroneous theory as to what constituted the corporation's correct taxable period by amending his answer to conform to the facts adduced at the hearing. Petitioner argues that this Court has no jurisdiction over any period other than the period January 1 to July 17, 1943, covered by the deficiency notice and that since the income involved was realized after July 17, there is no deficiency notice covering it and there is no deficiency for the period covered by the notice.

There is no question that respondent has authority to adopt the annual accounting period of the taxpayer or any fractional part of a year during which it was in existence as a taxpayer as the taxable year, but as we said in *Mrs. Grant Smith*, 26 B. T. A. 1178, even though the return filed for the corporation in the year it went into dissolution may have covered an incorrect period there is no warrant in law for the respondent's action in computing a deficiency for an incorrect fractional part of the year which does not cover the entire period the corporation was in existence as a taxpayer. Had liquidation of the corporation been completed by July 17, 1943, the respondent's determination and notice would have been proper, but the evidence shows that it had only begun. Cf. *California Brewing Association*, 43 B. T. A. 721, appeal dismissed, 129 Fed. (2d) 321; *Harvey Coal Cor-*

*poration*, 12 T. C. 596. If there is any deficiency for 1943, it must be determined for the entire taxable year. Respondent gave notice of no such determination to the taxpayer here. Since the record clearly shows that the sale of the corporation's assets, the gain from which respondent is attempting to tax to the corporation, took place after the period covered by respondent's deficiency notice, we conclude that there is no deficiency notice for the period during which the income involved was realized and that there is no deficiency for the period over which we have jurisdiction. *Mrs. Grant Smith, supra; Elgin Compress Co.*, 31 B. T. A. 273; *Pittsburgh & West Virginia Railway Co.*, 32 B. T. A. 66; *Oklahoma Contracting Corporation*, 35 B. T. A. 232.

Respondent's attempt to correct his deficiency notice by amendment to his answer must fail. It is well settled that jurisdiction cannot be conferred upon this Court by the parties where it does not exist by statute. Since we do not have jurisdiction over any period beyond July 17, 1943, the last date included in the deficiency notice, it follows that respondent cannot create jurisdiction for the Court by his pleadings.

In view of the foregoing, we hold that respondent erred in asserting transferee liability against the petitioner for any deficiency in taxes of the corporation.

Reviewed by the Court.

> *An order dismissing the proceeding in Docket No. 20501 for lack of jurisdiction will be entered.*
> *Decision will be entered for the petitioner in Docket No. 20502.*