WILLIAM J. PAGE, PETITIONER *v.*
COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 17446–84.    Filed January 6, 1986.

*James B. Wilcox, Jr.*, and *Howard B. Jacobson*, for the petitioner.
*Paula M. Jung*, for the respondent.

## OPINION

GOFFE, *Judge*: This matter is before us on petitioner's motion to dismiss for lack of jurisdiction. Petitioner contends that the Commissioner should have determined deficiencies in windfall profit tax for each calendar quarter and that his determination of a deficiency for a calendar year is, therefore, invalid. In the alternative, petitioner argues that he is entitled to elect to have the proceedings of his case

1

conducted under the provisions of section 7463(a)(4).[1]

The issue to be decided is what is the proper taxable period for determination of a deficiency in windfall profit tax against a "producer," i.e., a calendar year or quarters of a calendar year.

The Commissioner mailed to petitioner a statutory notice of deficiency in which he determined a deficiency in windfall profit tax for the calendar year 1980 in the amount of $6,335.77.[2] The notice includes a schedule reflecting that the deficiency for the calendar year is an aggregate of deficiencies for the quarters as follows:

| | |
|---|---|
| Month of March 1980 | $486.53 |
| Quarter ending June 30, 1980 | 2,012.91 |
| Quarter ending Sept. 30, 1980 | 2,020.66 |
| Quarter ending Dec. 31, 1980 | 1,815.67 |

The notice of deficiency, nevertheless, is clearly based upon the full calendar year 1980.

On June 7, 1984, petitioner filed his petition in this case, paid a filing fee of $10, and requested that his case be heard as a "small tax case" under the provisions of section 7463(a)(4). At the time of filing the petition, a taxpayer could elect the small tax case procedures only if the amount of the deficiency placed in dispute did not exceed $5,000. Accordingly, the Clerk of the Court returned petitioner's filing fee and advised petitioner by letter that "This is not made an 'S' case because you are disputing over $5,000." On July 16, 1984, petitioner paid the $60 filing fee and filed his motion to dismiss which is the subject of this opinion.

Section 7463(a)(4) was amended to increase the amount in dispute from $5,000 to $10,000 effective July 18, 1984. Rule 172(b) of the Court's Rules of Practice and Procedure provides that a petitioner may, at any time after the petition is filed and before trial, request that the proceed-

[1] All section and chapter references are to the Internal Revenue Code of 1954 as amended and in effect for the relevant years, and all Rule references are to this Court's Rules of Practice and Procedure.

[2] The parties have stipulated, for purposes only of the motion before this Court, that petitioner did not file a Form 720, Quarterly Excise Tax Return, as petitioner's annual windfall profit tax return, for the taxable year 1980. The parties have not informed the Court as to whether petitioner claimed a credit or deduction with respect to the tax on his personal income tax return for that year or a claim for refund on Form 843.

ings be conducted under the provisions of section 7463. Accordingly, due to the change in the law, petitioner's alternative position of electing the provisions of section 7463 is now possible, regardless of the correct taxable period. There remains, however, the question as to whether the statutory notice of deficiency is invalid because it is a determination of a deficiency for an improper taxable period.

Petitioner's position is based upon section 4996(b)(7) which defines the "taxable period" for purposes of windfall profit tax as March 1980 and each calendar quarter beginning after March 1980. He contends, therefore, that the Commissioner is required to determine deficiencies in windfall profit tax by such quarters instead of calendar years.

The windfall profit tax, ch. 45, is imposed upon and is to be paid by the producer, defined as "the holder of the economic interest with respect to the crude oil." Sec. 4986(b); sec. 4996(a)(1)(A). The tax is computed under section 4987 as a percentage of the windfall profit defined by section 4988(a). The windfall profit itself varies depending upon whether the oil is characterized as tier 1, tier 2, or tier 3 oil, as defined by section 4991, or as exempt oil under sections 4991 and 4994, and also varies based upon the status of the taxpayer liable for the tax. Secs. 4987, 4992. The taxable windfall profit is computed by the use of an adjusted base price, which is adjusted for inflation on a quarterly basis. Sec. 4989. The taxable windfall profit is, however, limited by a net income limitation ascertained on an annual basis. Sec. 4988(b). The statutory method of computing the windfall profit tax liability is, therefore, a combination of quarterly computations and an annual limitation.

The tax is collected primarily under the withholding scheme of sections 4995 through 4998.[3] The essence of the statutory scheme is that the first purchaser withholds from

---

[3]This discussion is necessarily a general overview of only a portion of a complex statutory arrangement for the collection of this tax. For example, different withholding and return requirements apply to integrated oil companies. Sec. 4995(b); sec. 51.4997-1(a)(1), Excise Tax Regs. This opinion addresses only the limited situation of a statutory notice of deficiency with respect to the windfall profit tax liability of a producer whose taxes are withheld by the first purchaser.

the proceeds from sale of oil paid to the producer an amount calculated to equal the producer's liability for windfall profit tax under section 4986. Sec. 4995(a). The first purchaser is required by section 4997 and section 51.4997–1(a)(1), Excise Tax Regs.,[4] to file a quarterly information form, Form 720, Quarterly Federal Excise Tax Return, with the Commissioner.[5] If the first purchaser discovers that he withheld an incorrect amount in any particular quarter, the shortage or overage may be adjusted in any subsequent quarter before the end of the calendar year, and the adjustment is reported on the next Form 720 filed by the first purchaser. Sec. 4995(a)(3).

The quarterly information returns filed with the Internal Revenue Service by the first purchaser do not break down the information as to the producers on behalf of whom the deposits are made, nor do they reflect any allocation of the deposits or adjustments for prior quarters among the producers. Form 720; Form 6047. It is only at the end of the calendar year, after all adjustments, that the first purchaser is required to provide the producer with a statement reflecting the windfall profit tax withheld from the producer's proceeds from the sale of oil. This is shown on Form 6248, Annual Information Return of Windfall Profit Tax, which is also filed with the Internal Revenue Service. Sec. 4995(a)(3); sec. 51.4997–2(c), Excise Tax Regs.[6] The Form 6248 is an aggregate report which provides only an annual statement of liability and withholding, with no separation by taxable periods, except as to the computations under section 4987.

Under section 4995(a)(5), the producer itself is required to file a return of windfall profit tax only to the extent provided in the regulations. Section 4997(a) provides that each taxpayer liable for windfall profit tax shall make

---

[4]This regulation is effective after Dec. 6, 1982, and although more specific, follows the basic statutory scheme adopted in secs. 150.4995–1 and 150.4997–2, Temp. Excise Tax Regs., 26 C.F.R. secs. 150.4995–1 and 150.4997–2 (1980), effective for oil removed after Feb. 29, 1980. T.D. 7690, 1980–1 C.B. 259.

[5]Form 6047, Windfall Profit Tax, which is a summary of information as to liability and deposits, must be attached by the withholder to Form 720.

[6]This regulation, effective after Dec. 6, 1982, specifies the manner of adjustment and the form and due dates of returns and statements. The basic statutory scheme is that adopted in sec. 150.4997–2, Temp. Excise Tax Regs., 26 C.F.R. sec. 150.4997–2 (1980), effective for oil removed after February 29, 1980. T.D. 7690, 1980–1 C.B. at 277.

returns as the Secretary may by regulations prescribe. Section 51.4997–1(a)(2), Excise Tax Regs.,[7] provides:

A return for each calendar year shall be made by each producer of crude oil whose liability for tax with respect to crude oil that was removed during the four taxable periods of the calendar year exceeds the amount of tax withheld with respect to that crude oil. * * *

The return[8] for each calendar year is to be filed not later than May 31 of the first year following the close of the calendar year in which crude oil was removed which gave rise to the underpayment. Sec. 51.6076–1, Excise Tax Regs.[9] The net windfall profit tax liability imposed on a producer under section 4986 is, therefore, only for the amount of tax that has not been withheld by the first purchaser for the aggregated four quarters of the calendar year after adjustments.[10] The statement of the first purchaser furnished to each producer as to total liability and amounts withheld on Form 6248 is for the entire calendar year. The producer is treated as having paid the amounts withheld, the payments being deemed made on the last day of the first February after the calendar year in which the oil is removed from the premises. Sec. 4995(a)(4). No quarterly returns are required from the producer (unless the producer is also the first purchaser). Rather, the net liability for the windfall profit tax for the entire year is based upon the aggregate of the four quarters. The producer is not required to file an annual return unless his liability for the entire calendar year, after adjustments and the net income limitation, exceeds the tax withheld. Sec. 51.4997–1(a)(2), Excise Tax Regs.

[7] This regulation, issued Nov. 5, 1982, is effective for oil removed after Feb. 29, 1980.

[8] The parties state that the annual return filed by the producer is, for reasons unexplained, the same Form 720 filed quarterly by the first purchaser. The particular form to be used is not specified by statute or by regulation, or, in fact, anywhere but in one paragraph of the four pages of instructions attached to the Form 720, itself. See secs. 51.4995–3(e), 51.4997–1(a)(2), and 51.6076–1, Excise Tax Regs.

[9] This regulation, effective after Dec. 6, 1982, extended the due date of the producer's return to May 31 from the last day of February, the due date set forth in the temporary regulations. See secs. 150.6076–1 and 150.4997–2(c)(5), Temp. Excise Tax Regs., 26 C.F.R. sec. 150.6076–1 and 150.4997–2(c)(5) (1980). T.D. 7690, 1980–1 C.B. at 278, 279.

[10] In the instance where the windfall profit tax liability has been fully and exactly satisfied by the tax withheld, the periods of limitation in secs. 6501 and 6511 applicable to the producer's income tax return for that year apply to windfall profit tax.

Section 51.4995–3(e), Excise Tax Regs.,[11] summarizes the responsibility of a producer to file a return if the amounts withheld have been insufficient when compared to his total windfall profit tax liability:

(e) *Payments by producers to correct underwithholding.* If the amount of tax withheld from a producer *for a calendar year* is less than the total liability of the producer for the tax imposed by section 4986 with respect to crude oil removed *during the calendar year* and subject to withholding under sec. 51.4995–1, the producer shall remit the difference with a timely return filed under sec. 51.4997–1 or shall, on or before the last day for filing a return under sec. 51.4997–1, deposit such difference. [Emphasis added.]

If the tax withheld exceeds the windfall profit tax liability of a producer, the excess withheld may be claimed as a credit against income tax on the producer's Federal income tax return by attaching to his return copies of all Forms 6248 received from first purchasers and a Form 6249, Computation of Overpaid Windfall Profit Tax, or the producer may claim a refund by attaching the Forms 6248 and an annual Form 6249 to a standard claim for refund, Form 843. Sec. 51.6402–1, Excise Tax Regs.[12]

Petitioner argues that the regulations requiring the first purchaser to provide only annual information returns to the producer, and requiring the producer to file annual returns only in the event of over or under withholding, exceed the Secretary's authority, based upon language of the Conference report, H. Rept. 96–817 (1980), 1980–3 C.B. 245, 275:

Under the conference agreement, the respective courts will exercise jurisdiction over cases involving the windfall profit tax in the same manner that jurisdiction is exercised with respect to the income, estate and gift taxes. Thus, the Tax Court will have prepayment jurisdiction over deficiencies asserted by the IRS and the U.S. District Courts, and the Court of Claims will have jurisdiction over refund suits.

Because the tax is imposed with respect to a producer's crude oil removed during a calendar quarter, the scope of a deficiency suit or refund suit will be with respect to the tax *for the entire quarter.* Thus, a second suit may not be brought with respect to the same quarter, and in

---

[11]This regulation, effective after Dec. 6, 1982, is unchanged from sec. 150.4995–3(e), Temp. Excise Tax Regs., 26 C.F.R. sec. 150.4995–3(e) (1980), effective for oil removed after Feb. 29, 1980. T.D. 7690, 1980–1 C.B. at 263.

[12]This regulation, issued Nov. 5, 1982, is effective for all oil removed after Feb. 29, 1980.

the case of a refund suit, the entire tax assessed with respect to that quarter must be paid. [Emphasis added.]

Petitioner argues, based upon the language underscored above, that a deficiency in tax, although based upon a return, must be determined exclusively with respect to a calendar quarter, regardless of the requirement that the producer file annual returns. The reference to an "entire quarter," however, appears to be no more than a limitation that any suit be brought with respect to a period of no less than an entire quarter. Given the combination within the windfall profit tax statutory scheme of quarterly computations and annual limitation, we cannot find that the Secretary's requirement of annual returns from producers, rather than quarterly returns, is anything less than a practical solution to a potential administrative nightmare. Congress even advocated this approach stating:

Generally, there is no requirement that producers of oil that is subject to withholding file a windfall profit tax return *if the correct amount of tax is withheld for the year.* [H. Rept. 96–817 (Conf.), *supra*, 1980–3 C.B. at 273; emphasis added.]

Under section 4997(a) and (b), Congress expressly delegated to the Secretary the power to prescribe by regulation the records, returns, and statements required from taxpayers liable for windfall profit tax, and to prescribe regulations necessary or appropriate to carry out the purposes of the windfall profit tax under chapter 45 (sections 4986 through 4998). As such, the regulations adopted under that authority have legislative effect. They can be set aside only if the Secretary exceeded his statutory authority or if the regulation is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law. *Batterton v. Francis*, 432 U.S. 416, 425–426 (1977); *American Trucking Associations, Inc. v. I.C.C.*, 722 F.2d 1243 (5th Cir. 1984). We find, therefore, that the regulations promulgated by the Secretary that mandate annual, rather than quarterly, returns from the producer in the specific circumstances before us are valid, as they are not clearly inconsistent with the statutes that they implement. *Wing v. Commissioner*, 81 T.C. 17, 28 (1983); *Olson v. Commissioner*, 81 T.C. 318 (1983).

The foregoing does not, however, necessarily answer the question of the validity of a statutory notice in which a deficiency is determined for an entire calendar year. The term "deficiency" with respect to the windfall profit tax is defined under section 6211(a) as:

the amount by which the tax imposed by * * * chapter * * * 45, exceeds the excess of—
  (1) the sum of
    (A) the amount shown as the tax by the taxpayer *upon his return*, if a return was made by the taxpayer and an amount was shown as the tax by the taxpayer thereon, plus
    (B) the amounts previously assessed (or collected without assessment) as a deficiency, over—
  (2) the amount of rebates, as defined in subsection (b)(2), made.
[Emphasis added.]

If the producer must file a return because the withholding was insufficient, then the return upon which the notice of deficiency is based covers a period of a full calendar year. Sec. 6211(a); sec. 6212(a); sec. 51.4995–3(e), Excise Tax Regs. Conversely, if the producer must file a return in order to claim a refund or credit for excessive withholding, the claim must also be made on an annual basis. The notice of deficiency, being based upon an annual return under section 6212(a), must, therefore, necessarily cover the same period as would the return, despite the fact that the computations on the annual return are based, in part, upon tax incurred upon production in each of the four quarters.

Section 6211, in general, defines a deficiency in tax as the difference between the tax liability and "the amount shown as tax by the taxpayer upon his return." If the producer has filed no annual return for windfall profit tax (see note 8 above) and if the producer has not reflected the withheld windfall profit tax on his income tax return in order to claim an overpayment of tax, a mechanism is required to satisfy the definition of a deficiency as to the amount shown as tax by the taxpayer on his return. This mechanism is section 6211(b)(5):

The amount withheld under section 4995(a) from amounts payable to any producer for crude oil removed during any taxable period (as defined in section 4996(b)(7)) which is not otherwise shown on a return by such

producer shall be treated as tax shown by the producer on a return for the taxable period.

The meaning of this section requires some interpretation because of the term "taxable period" which is used twice. The term is followed by the parenthetical phrase (as defined in section 4996(b)(7)) when it is first used. Section 4996(b)(7) is as follows:

(7) TAXABLE PERIOD.—The term "taxable period" means—
    (A) March 1980, and
    (B) each calendar quarter beginning March 1980.

The definition of taxable period in section 4996(b)(7), however, is limited in scope by the introductory language of section 4996(b) which provides, "Other Definitions.—For purposes of this chapter—." The chapter referred to is chapter 45, Windfall Profit Tax on Domestic Crude Oil. Clearly, then, the first reference to taxable period defines that term as a quarter of a year during which the first purchaser withholds tax from the producer's oil revenue.

The second use of the term "taxable period" in section 6211(b)(5) quoted above, is not followed by the parenthetical reference to section 4996(b)(7) in chapter 45. It must, therefore, refer to the calendar year because section 6211 is found in chapter 63 of the Code dealing with assessments for annual deficiencies. This conclusion is supported by the language of section 6211(b)(5) referring to the return by the producer. The producer is not required to file a quarterly return, only the first purchaser files such a return. Accordingly, section 6211(b)(5), in referring to a return filed by the producer, can refer only to an annual return.

There is no prohibition against covering more than one return or taxable period within a single statutory notice of deficiency, so long as the period covered by the notice corresponds to the beginning and end of a taxable period. In the instant case, the cover of the statutory notice of deficiency reflects a taxable period of a calendar year. The remainder of the notice, however, clearly sets forth the computations of windfall profit tax for four taxable periods consisting of the month of March 1980 and three other calendar quarters.

This statutory notice of deficiency is clearly distinguishable from the notice in *Century Data Systems, Inc. v. Commissioner*, 80 T.C. 529 (1983). In that case, the statutory notice of deficiency was based upon the fiscal years of the taxpayer's parent corporation, even though the taxpayer itself had elected calendar years. We held that the statutory notice of deficiency was ineffective to confer jurisdiction on this Court notwithstanding the fact that the notice spanned the relevant calendar years. The basis for our holding was that the notice included merely portions of several taxable periods. As we held, quoting *Oklahoma Contracting Corp. v. Commissioner*, 35 B.T.A. 232 (1937), "Respondent is not authorized to determine a deficiency for a period less than a taxpayer's proper taxable year." 80 T.C. at 536. In this case, the statutory notice of deficiency covers the entirety of four quarters, without overlapping into or including any portion of another period outside of the calendar year.[13]

In *Columbia River Orchards, Inc. v. Commissioner*, 15 T.C. 253 (1950), we held a statutory notice of deficiency inadequate to confer jurisdiction because it covered less than a full taxable period. The notice at issue covers exactly, no more and no less than, four complete quarters.

A further indication that Congress anticipated that statutory notices of deficiency would cover calendar years is found in section 4995(a)(8)(A), which provides:

(8) NO ASSESSMENTS OR REFUNDS BEFORE CLOSE OF THE YEAR.—Except to the extent provided in regulations prescribed by the Secretary, in the case of any oil subject to withholding under this subsection—
(A) no notice of any deficiency with respect to the tax imposed by section 4986 may be mailed under section 6212, and
(B) no proceeding in any court for the refund of the tax imposed by section 4986 may be begun,
before the last day of the first February after the calendar year in which such oil was removed from the premises.

The statutory notice of deficiency clearly sets forth the computations and the determination of the net tax liability

---

[13]The period from Jan. 1 through Feb. 29, 1980, is not a taxable period with respect to the windfall profit tax, as it occurs before the effective date of imposition of the tax. See *Sanderling v. Commissioner*, 66 T.C. 743, 749 (1976), affd. on this issue 571 F.2d 174 (3d Cir. 1978).

for each of the quarterly periods on the Form 6730–A, Windfall Profit Tax Related Adjustment Transmittal, and Supplement to Form 6730–A, Windfall Profit Tax Computation. We are, therefore, unable to find either a jurisdictional infirmity or harm to petitioner. Petitioner is clearly on notice as to the amount and nature of the deficiency determined by the Commissioner. See *Sanderling, Inc. v. Commissioner*, 571 F.2d 174, 176 (3d Cir. 1978), affg. on this issue 66 T.C. 743 (1976); *Burford v. Commissioner*, 76 T.C. 96 (1981).

Respondent makes a final argument in support of a holding that a statutory notice of deficiency for a calendar year is proper for which we feel some sympathy. If the withholding, and any adjustments to the withholding, for each of the four quarterly periods is not netted to compute an annual deficiency, the producer could be subject to deficiency disputes to be decided by this Court while simultaneously being required to seek refunds for other quarters despite the fact that there might not be a net deficiency for windfall profit tax for the entire calendar year. The adjustments to withholding are specifically permitted under section 4995 as an administrative method of avoiding insufficient or excessive withholding and thus avoiding overpayments or underpayments of windfall profit tax. To intentionally ignore the withholding mechanism provided by Congress and create multiple litigation as a result, seems pointless.

We, therefore, deny petitioner's motion to dismiss.

Petitioner's motion in the alternative is that the proceeding be conducted as a small tax case, which is defined under Rule 171 as:

a case in which:

(a) Neither the amount of the deficiency, nor the amount of any claimed overpayment, placed in dispute (including any additions to tax, additional amounts, and penalties) exceeds—

  \*  \*  \*  \*  \*  \*  \*

(4) *$10,000 for any one taxable period* or, if there is no taxable period, for any taxable event in the case of excise taxes \* \* \* or under Chapter 45 of the Code (windfall profit tax); [Emphasis added.]

This Rule is based upon section 7463(a) which provides, in part, as follows:

(a) IN GENERAL.—In the case of any petition filed with the Tax Court for a redetermination of a deficiency where neither the amount of the deficiency placed in dispute, nor the amount of any claimed overpayment, exceeds—

\* \* \* \* \* \* \*

(4) $10,000 for any 1 taxable period (or, if there is no taxable period, taxable event) in the case of any tax imposed by subtitle D which is described in section 6212(a) (relating to a notice of deficiency), \* \* \*

Windfall profit tax is imposed under chapter 45, subtitle D. Although Rule 171 does not refer to section 6212(a) (Notice of Deficiency) as does section 7463 from which the Rule is derived, the Rule must be interpreted and applied consistently with the statute. Having decided that the taxable period for the determination of a deficiency in windfall profit tax is a calendar year, it follows that at the time petitioner filed his petition, he could not qualify for the small tax case election because the deficiency based upon the calendar year 1980 was $6,335.77, and the dollar limit at that time was $5,000. Nevertheless, when the dollar limit was increased to $10,000, petitioner qualified for the small tax case election as to the dollar limit because the election was made prior to trial.

Respondent objects to petitioner's small tax case election on the grounds that the issues for tax policy involved and the novelty of the issues affect numerous taxpayers, thereby requiring treatment as a regular case which is subject to appeal. The issue framed by the petition is whether petitioner is entitled to treat the oil produced from the Vivian Well in Lee County, Texas, as "newly discovered crude oil." Based upon our examination of the statutory notices of deficiency in this case and other cases dealing with the same oil well, it appears that the taxpayers contend that under the temporary regulations the "property" was delineated as the "right to produce" as it existed in 1972. The taxpayers contend further that in 1972 the "right to produce" from the Vivian Well corresponded to fee interests in Lee County and there was no commercial production from this well prior to 1979. This issue appears to be identical to the issues in the following cases pending before the Court:

| *Docket No.* | *Petitioner* |
|---|---|
| 1. 28727–84 | Thomas D. Coffman |
| 2. 16289–85S | William J. Page |
| 3. 17751–85 | Petro-Lewis Corp. |
| 4. 17865–85 | Petro-Lewis Funds, Inc. |
| 5. 31308–85 | U.S. Operating, Inc. |
| 6. 38027–85 | Prairie Producing Co. of Texas |
| 7. 38531–85 | M.J. Miller Trust |

Moreover, counsel for petitioner in the instant case also represents petitioners in cases numbered 1 (Coffman), 2 (Page), 5 (U.S. Operating), 6 (Prairie), and 7 (Miller) listed above.

The taxpayer's option to the small tax case election is not unlimited even when the jurisdictional maximum for a small tax case has not been exceeded, as the option must be concurred in by the Court before the hearing of the case. Sec. 7463(a); Rule 172(c). It is appropriate to use the regular case procedures where—

a decision in the case will provide a precedent for the disposition of a substantial number of other cases or where an appellate court decision is needed on a significant issue. [H. Rept. 95–1800 (1978), 1978–3 C.B. (Vol. 1) 521, 612.]

Because the issues in this case are common to the other cases listed above, we decline to grant petitioner the option to elect small tax case treatment. The Court has not yet set any windfall profit tax cases for trial. However, the instant case and all cases with the identical issues will be set for trial at the same time in order to conserve the time and expense of the parties and the Court.

*An appropriate order will be entered.*