SHELL OIL COMPANY, PETITIONER *v.* COMMISSIONER OF
INTERNAL REVENUE, RESPONDENT

Docket No. 13180-84.    Filed April 21, 1988.

*Charles W. Hall, S.C. Stryker, Charles R. Herpich, Jr., Jim
D. Brown, Kenneth W. Gideon, William S. Lee, Robert H.
Wellen,* and *Jasper G. Taylor III,* for the petitioner.

*David W. Johnson, Sheri A. Wilcox,* and *Jeffrey N. Kelm,*
for the respondent.

### SUPPLEMENTAL OPINION·

GOFFE, *Judge:* On September 1, 1987, this Court filed its
findings of fact and opinion in this case (89 T.C. 371 (1987)).
Petitioner is an integrated oil company involved in all facets
of the petroleum industry. The Commissioner determined
deficiencies in petitioner's windfall profit tax under section
4986[1] for the taxable quarters ended March 31, 1980, June
30, 1980, September 30, 1980, and December 31, 1980.
Alternatively, the Commissioner determined a deficiency in

---

[1] All section references are to the Internal Revenue Code of 1954 as amended and in effect
for the relevant periods, and all Rule references are to the Tax Court Rules of Practice and
Procedure.

petitioner's windfall profit tax for the taxable year 1980. The parties disagreed over the attribution and allocation of certain expenses for the calculation of the taxable income from petitioner's oil and gas properties for purposes of the windfall profit tax net income limitation. We interpreted the term "taxable income from the property" under section 613(a) and the regulations promulgated thereunder. In footnote 3 of our opinion we held as follows:

> The proper taxable period for determination of a deficiency in windfall profit tax is a calendar year. *Page v. Commissioner*, 86 T.C. 1 (1986). Consequently, only the Commissioner's alternative deficiency of $241,810,176.17 determined in the notice of deficiency mailed February 17, 1984, is at issue. [*Shell v. Commissioner, supra* at 383 n. 3.]

Respondent has filed a motion for reconsideration of our opinion with respect to our holding in footnote 3 pursuant to Rule 161. Respondent contends that *Page v. Commissioner*, 86 T.C. 1 (1986), does not support our holding. In *Page v. Commissioner, supra*, we held that the proper taxable period for the determination of a deficiency in windfall profit tax is a calendar year. However, we expressly limited our holding to the producer whose windfall profit tax is withheld by the first purchaser. In footnote 3 of our opinion we held as follows:

> This discussion is necessarily a general overview of only a portion of a complex statutory arrangement for the collection of this tax. For example, different withholding and return requirements apply to integrated oil companies. Sec. 4995(b); sec. 51.4997-1(a)(1), Excise Tax Regs. This opinion addresses only the limited situation of a statutory notice of deficiency with respect to the windfall profit tax liability of a producer whose taxes are withheld by the first purchaser. [*Page v. Commissioner, supra* at 3 n. 3.]

Respondent contends that, in the instant case, the proper taxable period for the determination of a deficiency in windfall profit tax is the calendar quarter. Petitioner does not contest the correctness of respondent's proposition, but does not concede it. We hereby grant respondent's motion and, for reasons set forth below, amend the holding in footnote 3 of our opinion.

The windfall profit tax is imposed upon and is to be paid by the producer, defined as "the holder of the economic interest with respect to the crude oil." Sec. 4986(b); sec.

4996(a)(1)(A). With respect to collecting the tax, the statute provides that, except to the extent provided in regulations, the first purchaser of the oil shall withhold the windfall profit tax liability from amounts payable by such purchaser to the producer. Sec. 4995(a). The regulations provide that the first purchaser shall not withhold tax if the producer of the oil is an integrated oil company that has furnished certification[2] to the purchaser. Sec. 51.4995-1(a)(1)(iii), Excise Tax Regs.[3] In this instance, the integrated oil company deposits its windfall profit tax liability.[4] Sec. 4995(b)(1). Respondent contends that with respect to oil not subject to withholding by the purchaser the focus of the depository and return filing requirements is quarterly and, therefore, the deficiencies are to be determined on a quarterly basis.

A producer is required to file Form 720, Quarterly Federal Excise Tax Return,[5] with respect to oil not subject to withholding. Sec. 4997; sec. 51.4997-1(a)(1)(iii), Excise Tax Regs.[6] If the aggregate amount of deposit liability for a taxable period, which is defined as a calendar quarter in section 4996(b)(7), exceeds the amount deposited, the company must deposit the difference on or before the last day of the second month following the end of the taxable period. Sec. 51.4995-3(a)(2), Excise Tax Regs.[7] If there has been an

---

[2]The certificate shall state that the producer is an integrated oil company, that the producer will deposit its own windfall profit tax liability, and that the producer's share of production is not to be withheld upon. If the company is also the operator of the property, the certificate is mandatory. If the company is not the operator, the certificate is optional. Sec. 51.4995-2(c)(2), Excise Tax Regs. This regulation is effective for payments made after Dec. 6, 1982. Sec. 150.4995-2, Temp. Excise Tax Regs., did not contain a parallel provision. T.D. 7690, 1980-1 C.B. 271.

[3]This regulation is effective for payments made after Dec. 6, 1982. Sec. 150.4995-1(a)(3), Temp. Excise Tax Regs., contained a parallel provision but did not require certification. T.D. 7690, 1980-1 C.B. 268.

[4]In computing the amount to be deposited, the company may take into account the effect of the net income limitation provided in sec. 4988(b). Sec. 51.4995-3(a)(1), Excise Tax Regs. This regulation is effective for payments made after Dec. 6, 1982. Sec. 150.4995-3, Temp. Excise Tax Regs., did not contain a parallel provision. T.D. 7690, 1980-1 C.B. 272. However, the revised Mar. 1981 Instructions for Form 6047 (see footnote 5) provided that under sec. 150.4995-3(a) and (f), Temp. Excise Tax Regs., producers who were paying their own windfall profit tax liability could take the net income limitation into account when making deposits.

[5]Form 6047, Windfall Profit Tax, which is used to compute the windfall profit tax liability and to summarize information as to liability and deposits, must be attached to Form 720. Sec. 51.4997-1(a)(1)(iii), Excise Tax Regs.

[6]This regulation, issued Nov. 5, 1982, is effective for oil removed after Feb. 29, 1980.

[7]This regulation, which deals specifically with integrated oil companies, is effective for payments made after Dec. 6, 1982. Sec. 150.4995-3(a)(2), Temp. Excise Tax Regs., contained a parallel provision except that the difference was to be deposited on or before the last day of

overpayment, the producer may file a claim for refund or credit on or after the date for filing the return, as long as the net income limitation has not been taken into account and the claim relates solely to an overpayment on oil not subject to withholding. Sec. 51.6402-1(b)(1), Excise Tax Regs.[8] Thus, a depositor may claim either a refund or credit several times during a calendar year.

With respect to an annual return, section 51.4997-1(a), Excise Tax Regs.,[9] provides as follows:

(a) *Returns.* Returns with respect to windfall profit taxes imposed by section 4986 shall be made as provided in this section.

*          *          *          *          *          *          *

(2) *Annual return.* A return for each calendar year shall be made by each producer of crude oil whose liability for tax with respect to crude oil that was removed during the four taxable periods of the calendar year exceeds the amount of tax withheld with respect to that crude oil. * * *

This provision deals with the annual excise tax return required of a producer whose windfall profit tax liability is withheld by the first purchaser. *Page v. Commissioner, supra* at 5.[10] There is no provision requiring an annual excise tax return to be filed by a producer with respect to oil not subject to withholding.

A producer is required to file Form 6248, Annual Information Return of Windfall Profit Tax, with respect to oil not subject to withholding. Sec. 4997; sec. 51.4997-2(c)(2) and (3), Excise Tax Regs.[11] Form 6248 is an aggregate report which provides an annual statement of liability and withholding. In addition, if a producer takes the net income limitation into account in making windfall profit tax deposits he must complete an annual reconciliation of windfall profit tax deposits to determine if the tax has been

the first month following the end of the taxable period. T.D. 7690, 1980-1 C.B. 272. Sec. 51.4995-3(f)(2), Excise Tax Regs., effective for payments made after Dec. 6, 1982, provides the same general rule for other producers with respect to oil not subject to withholding. Sec. 150.4995-3(f)(2), Temp. Excise Tax Regs., contained a parallel provision except that the difference was to be deposited not later than 45 days after the end of the taxable period.

[8]This regulation, issued Nov. 5, 1982, is effective for oil removed after Feb. 29, 1980.

[9]This regulation, issued Nov. 5, 1982, is effective for oil removed after Feb. 29, 1980.

[10]The annual return filed by the producer is Form 720. *Page v. Commissioner,* 86 T.C. 1, 5 n. 8 (1986).

[11]This regulation is effective for information and statements furnished or filed after Dec. 6, 1982. Sec. 150.4997-2, Temp. Excise Tax Regs., did not contain a parallel provision. T.D. 7690, 1980-1 C.B. 277.

underdeposited. Sec. 51.4997-1(a)(2), Excise Tax Regs.;[12] Instructions for Form 6047, revised May 1985.[13] The instructions for Form 6047 provide that the reconciliation must be filed by the due date of Form 6047 for the third taxable period beginning after the end of the producer's income tax year. If a producer has underdeposited windfall profit tax for any deposit period, he must file an amended Form 720 (with Form 6047 and the reconciliation worksheet attached) for each quarter during which there was an underdeposit and make payment at that time.[14]

If a producer has overpaid the windfall profit tax on oil not subject to withholding because of the net income limitation, he may file a claim for credit or refund of that overpayment only after the end of the taxable year with respect to which the limitation is computed. Sec. 51.6402-1(b)(2), Excise Tax Regs.[15] To file a claim for credit or refund after application of the net income limitation, the producer must complete Form 6249, Computation of Overpaid Windfall Profit Tax, and file it with his Federal income tax return, Form 720, or Form 843, claim.

With this framework in mind, we turn now to the definition of "deficiency." The term "deficiency" with respect to the windfall profit tax is defined under section 6211(a) as:

the amount by which the tax imposed by * * * chapter * * * 45, exceeds the excess of—
  (1) the sum of
    (A) the amount shown as the tax by the taxpayer *upon his return*, if a return was made by the taxpayer and an amount was shown as the tax by the taxpayer thereon, plus
    (B) the amounts previously assessed (or collected without assessment) as a deficiency, over—
  (2) the amount of rebates, as defined in subsection (b)(2), made.
  [Emphasis added.]

Section 6211(a), in general, defines a deficiency in tax as the difference between the tax liability and "the amount shown as tax by the taxpayer upon his return." The

---

[12]This regulation, issued Nov. 5, 1982, is effective for oil removed after Feb. 29, 1980.

[13]The requirement of an annual reconciliation first appeared in the revised Mar. 1981 Instructions for Form 6047.

[14]The requirement of amended returns first appeared in the revised June 1984 Instructions for Form 6047.

[15]This regulation, issued Nov. 5, 1982, is effective for oil removed after Feb. 29, 1980.

deficiency must, therefore, cover the same period as the return upon which the taxpayer shows his tax. With respect to the windfall profit tax, a producer must file Form 720 with respect to oil not subject to withholding for each taxable period, i.e., calendar quarter. Sec. 4996(b)(7); sec. 51.4997-1(a)(1)(iii), Excise Tax Regs. This is the return upon which the producer shows his windfall profit tax. Furthermore, if there has been an overpayment, the producer may file a claim for refund or credit on or after the date for filing the return, if the net income limitation has not been taken into account. Sec. 51.6402-1(b)(1), Excise Tax Regs. On an annual basis, the producer must file Form 6248, an information return, and a reconciliation of deposits if he took the net income limitation into account when making deposits, but there is no provision for filing an annual excise tax return upon which tax would be due. Sec. 51.4997-2(c)(2) and (3), Excise Tax Regs.; sec. 51.4997-1(a)(2), Excise Tax Regs.; Instructions for Form 6047, revised May 1985. Accordingly, the deficiency is to be determined based upon a calendar quarter.

This situation is to be contrasted with *Page v. Commissioner, supra,* wherein we dealt with a producer whose windfall profit tax liability is withheld by the first purchaser. In that situation, the first purchaser, not the producer, is required to file Form 720. *Page v. Commissioner, supra* at 4. No quarterly returns are required from the producer (unless the producer is also the first purchaser.) *Page v. Commissioner, supra* at 5. The producer is required to file an annual return if his liability for the calendar year exceeds the tax withheld. *Page v. Commissioner, supra* at 5. This is not merely an information return but is instead a return upon which tax is due. If the producer is not required to file an annual return, there is a special provision contained in section 6211(b)(5) to satisfy the definition of deficiency as to the amount shown as tax by the taxpayer upon his return. Section 6211(b)(5) provides that the amount withheld shall be treated as tax shown by the producer on a return.[16]

---

[16]We concluded that sec. 6211(b)(5), in referring to a return filed by the producer, refers to an annual return. *Page v. Commissioner, supra* at 9.

Based upon the foregoing, we conclude that the proper taxable period for determination of a deficiency in windfall profit tax of a producer with respect to oil not subject to withholding is a calendar quarter.[17]

*An appropriate order will be issued.*

---

[17]A final point bears mentioning. The issuance of a notice of deficiency for a calendar year instead of the proper period, a calendar quarter, does not necessarily invalidate the notice. Although the Court does not have jurisdiction over any period other than that specifically covered by the notice of deficiency, when the notice covers an entire calendar year which includes the calendar quarter which was the proper taxable quarter, and the petitioner is not misled by the error, then it is a valid determination. *Burford v. Commissioner*, 76 T.C. 96, 99 (1981), affd. without published opinion 786 F.2d 1151 (4th Cir. 1986); see *Sanderling, Inc. v. Commissioner*, 66 T.C. 743, 749 (1976), affd. on this issue 571 F.2d 174, 176 (3d Cir. 1978).