T.C. Memo. 2007-254

UNITED STATES TAX COURT

PETALUMA FX PARTNERS, LLC, RONALD SCOTT VANDERBEEK, A PARTNER
OTHER THAN THE TAX MATTERS PARTNER, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 24717-05.            Filed August 28, 2007.

<u>Edward M. Robbins, Jr.</u>, for petitioner.

<u>Jason M. Kuratnick</u> and <u>Gerald A. Thorpe</u>, for respondent.

MEMORANDUM OPINION

GOEKE, <u>Judge</u>:  This matter is before the Court on

respondent's motion to dismiss for lack of jurisdiction.[1]

---

[1]All section references are to the Internal Revenue Code in
effect for the years at issue.

Respondent argues that the Court lacks jurisdiction because the notice of final partnership administrative adjustment (FPAA) dated July 28, 2005, upon which the petition is based, was issued for the taxable year of Petaluma FX Partners, LLC (Petaluma), ending August 31, 2000, and thus does not confer jurisdiction on this Court to review adjustments made to Petaluma's taxable year ending December 31, 2000. Because we find the FPAA makes adjustments for the taxable year ending December 31, 2000, and because any reference to the taxable year ending August 31, 2000, was an error typographical in nature, respondent's motion to dismiss will be denied.

## Background

Petaluma, a purported partnership,[2] was formed in August 2000, and began its business activities on October 10, 2000. Petaluma was a calendar year taxpayer and, on April 2, 2001, filed its Form 1065, U.S. Return of Partnership Income, for the taxable year ending December 31, 2000.

On July 28, 2005, respondent issued an FPAA to the tax matters partner and the notice partners of Petaluma. Respondent determined that the partnership as well as certain transactions

---

[2]Respondent contests whether a partnership existed as a matter of fact. We use the terms "partnership" and "partner" for convenience and without deciding whether a partnership in fact existed.

relating to the purchase and transfer of offsetting options to the partnership should be disregarded for tax purposes. While the adjustments respondent made in the FPAA pertain to the period October 10 to December 31, 2000, respondent's FPAA reflects that the adjustments are being made for the taxable year ending August 31, 2000.

On August 30, 2005, respondent issued a corrected FPAA to the tax matters partner and the notice partners of Petaluma to reflect that the adjustments were made for the taxable year ending December 31, 2000. With two exceptions, the adjustments made in the August 30, 2005, FPAA were identical to the adjustments made in the July 28, 2005, FPAA.[3]

On December 30, 2005, Ronald Scott Vanderbeek, as a notice partner of Petaluma, filed a petition seeking review of the adjustments set forth in the FPAA dated July 28, 2005. On May 10, 2006, respondent filed his answer. In his answer, respondent admitted that the date reflecting a taxable year ending August 31, 2000, contained in the initial FPAA was a typographical error and that a corrected FPAA reflecting the proper taxable year ending December 31, 2000, had been issued. Respondent attached the corrected FPAA to his answer.

Respondent now submits that the admission pertaining to the

---

[3]The corrected FPAA did not contain adjustments for: (1) liabilities and capital-other current liabilities, and (2) partner's capital accounts.

erroneous August 31, 2000, taxable year contained in his answer was itself an error. Respondent suggests that the revenue agent who issued the original FPAA did so with the intent of making adjustments for Petaluma's taxable year ending August 31, 2000. According to respondent, the revenue agent was confused by Petaluma's 2001 return which was filed for a short taxable year ending August 31, 2001.

## Discussion

Respondent moves to dismiss the petition for lack of jurisdiction. Respondent argues that because the July 28, 2005, notice makes adjustments for the wrong taxable year ending August 31, 2000, instead of the taxable year ending December 31, 2000, the FPAA is invalid, and the Court lacks jurisdiction to review the adjustments therein. Respondent argues that the only FPAA upon which the Court's jurisdiction could have been invoked properly was the corrected FPAA issued on August 30, 2005.

The Tax Court is a court of limited jurisdiction, and we may exercise our jurisdiction only to the extent provided by Congress. See sec. 7442; see also GAF Corp. & Subs. v. Commissioner, 114 T.C. 519, 521 (2000). This Court's jurisdiction with respect to the tax treatment of partnerships is derived from the Tax Equity and Fiscal Responsibility Act of 1982 (TEFRA), Pub. L. 97-248, sec. 402(a), 96 Stat. 648. Under the TEFRA provisions, the Commissioner must give notice to partners

of both the beginning and the end of administrative proceedings at the partnership level. Sec. 6223(a). The ending notice is the issuance of an FPAA. Sec. 6223(a)(2). A partner may then seek judicial review of an FPAA by filing a petition for readjustment of the partnership items with this Court. Sec. 6226.

The procedures under TEFRA parallel deficiency procedures in that the notice--the FPAA--gives the taxpayer the right to petition the Tax Court. Thus, we analyze the effect of errors in an FPAA in the same way we analyze errors contained in a notice of deficiency. See Sealy Power, Ltd. v. Commissioner, 46 F.3d 382, 386 (5th Cir. 1995), affg. in part and revg. in part on another ground T.C. Memo. 1992-168.

The Commissioner is without authority to issue a notice of deficiency for the wrong taxable year or for a period less than a taxpayer's full taxable year. For instance in Century Data Sys., Inc. v. Commissioner, 80 T.C. 529 (1983), the Commissioner used fiscal years instead of the appropriate calendar years to calculate the deficiency. See also Atlas Oil & Ref. Corp. v. Commissioner, 17 T.C. 733 (1951); Columbia River Orchards, Inc. v. Commissioner, 15 T.C. 253 (1950). We held the notice of deficiency to be invalid because the adjustments "necessarily omitted items of income and deduction of the correct taxable year and * * * [or had] included other items which properly belong in

another taxable year." <u>Century Data Sys., Inc. v. Commissioner</u>, <u>supra</u> at 534-535. Thus, if the Commissioner is without authority to issue a notice for less than a taxpayer's full taxable year, we are without authority to review the adjustments therein. See <u>id.</u> at 536, 537; <u>Schick v. Commissioner</u>, 45 T.C. 368, 373 (1966).

At the same time, however, we have held that an error in a notice of deficiency concerning the taxable period at issue will not invalidate the notice if the taxpayer was not misled by the error. <u>St. Paul Bottling Co. v. Commissioner</u>, 34 T.C. 1137 (1960); see also, e.g., <u>Anderten v. Commissioner</u>, T.C. Memo. 1993-2 (references to wrong taxable year in explanation did not invalidate notice); <u>Erickson v. Commissioner</u>, T.C. Memo. 1991-97 (when taxpayer receives single document including a cover letter and explanatory statements, we look to the entire document to determine whether the taxpayer could have been misled). In <u>St. Paul Bottling Co.</u>, the Commissioner issued a notice of deficiency stating that the Commissioner had determined deficiencies for the taxable years 1952, 1953, and 1954. The attached explanation however, made clear that the Commissioner had in fact determined deficiencies for the 1956, 1957, and 1958 tax years. We held that it was proper to ignore the error where the taxpayer was not misled. Thus, a notice of deficiency (or FPAA) containing errors with respect to the taxable year at issue may still confer jurisdiction upon this Court where the taxpayer reasonably could

not be misled as to the taxable period involved.  Commissioner v. Forest Glen Creamery Co., 98 F.2d 968, 971 (7th Cir. 1938), revg. and remanding 33 B.T.A. 564 (1935); Peoplefeeders, Inc. & Subs. v. Commissioner, T.C. Memo. 1999-36.

In the case before us, respondent made adjustments to partnership items for the correct taxable year of Petaluma, the calendar year ending December 31, 2000, yet notified the partners that those adjustments were for the taxable year ending August 31, 2000.  The partners, however, could not have reasonably been misled by the error as Petaluma had no existence until the end of August 2000 and did not begin any business activities until October 10, 2000.  There were no adjustments that respondent could have made to Petaluma with respect to a taxable year ending August 31, 2000.

Respondent's attempt to create a distinction between a typographical error and an error with some greater intent is unconvincing.  Respondent admitted in his answer that the error was typographical and that respondent was making adjustments to partnership items for the taxable year ending December 31, 2000. The fact that Petaluma did not even begin its business activities until October 10, 2000, and the only adjustments contained in the FPAA were for the period October 10 through December 31, 2000, makes any suggestion that respondent's revenue agent intended the FPAA to relate to the taxable year ending August 31, 2000,

inaccurate.

Accordingly, we find that respondent's FPAA while purporting to make adjustments for the tax year ending August 31, 2000, in fact makes adjustments for the tax year ending December 31, 2000, and is sufficient to confer jurisdiction on this Court for Petaluma's tax year ending December 31, 2000.

To reflect the foregoing,

An order denying respondent's motion to dismiss for lack of jurisdiction will be issued.